## UNITED STATES v. WILLIAM S. GRAY & CO. et al.

District Court, S. D. New York.

Jan. 13, 1945.

Irving B. Glickfeld, Sp. Asst. to Atty. Gen., by Wendell Berge, Asst. Atty. Gen., and Lawrence S. Apsey, Sp. Asst. to Atty. Gen., for plaintiff.

Lowe, Dougherty, Hart & Marcus, of New York City (J. H. Dougherty of New York City, of counsel), for defendants Delta Chemical & Iron Co. and George C. Craver.

GODDARD, District Judge.

This is a motion by the defendants, Delta Chemical & Iron Company [hereinafter referred to as Delta] and G. C. Craver, for summary judgment dismissing the complaint as to them. The suit is for violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, and the various defendants are charged with entering into a conspiracy and combination in restraint of trade, and to monopolize trade, which it is alleged was accomplished by all the producers of Methanol [a form of wood alcohol], accepting a quota of total production, all pooling their production and selling it through William S. Gray & Co. appointed exclusive sales agent, and agreeing to accept an average price; and it is alleged that Delta during all or part of the period since about 1934, when the combination came into existence, "has held membership in or contributed to" Wood Chemical Institute, a trade association, which had a committee that participated in the alleged restraint of trade. The complaint further alleges that defendant Craver, as an officer and director of Delta, represented it in the combination.

The government seeks to enjoin the defendants from enforcing their various arrangements for controlling the output of Methanol, fixing prices; also the dissolution of Wood Distillers Corporation, and the Wood Chemical Institute, which are charged with being the organizers and chief operators of the alleged combination or conspiracy in restraint of trade. Triple damages are not demanded. There is an indictment pending covering the same alleged violations set forth in the present complaint and both Delta and Craver are included in the indictment.

It appears from affidavits submitted in support of the motion that Delta ceased operations in December, 1943, and all Methanol on hand was sold, all employees discharged, and by June 27, 1944, its real estate and all physical assets were sold, but not to a successor or manufacturer of Methanol; that on June 17, 1944, a certificate of dissolution was filed; and by August 15, 1944, the corporation was dissolved in accordance with the Michigan law—the state of its incorporation; that the corporation has not since then engaged in the production of Methanol. It also appears that Craver was formerly resident manager of Delta's plant at Wells, Michigan, but has terminated his connection with Delta and is now employed as Chemical Engineer by the Chemical Construction Company of New York in New York City, and which has no connection with any business referred to in the complaint and has no intention of engaging in any Methanol business.

An injunction restraining a defendant may be granted only when a wrongful act is reasonably to be anticipated or there is a threat of such an act. An injunction relates to the future; it should not be issued against a defendant who was not violating the law, or threatening to violate it when the suit was commenced. Industrial Assn. of San Francisco et al. v. United States, 268 U.S. 64, 45 S.Ct. 403, 69 L.Ed. 849; United States v. U. S. Steel Corporation, 251 U.S. 417, 444, 445, 40 S.Ct. 293, 64 L.Ed. 343, 8 A.L.R. 1121; Standard Oil Co. et al. v. United States, 283 U.S. 163, 181, 51 S.Ct. 421, 75 L.Ed. 926; United States v. E. I. Du Pont De Nemours & Co. et al., C.C.Del., 188 F. 127; Fleming v. Phipps, D.C., 35 F.Supp. 627; United States v. Aluminum Co. of America et al., D.C., 44 F.Supp. 97, 215.

An injunction may not be used to punish for what is past and out of existence. Standard Oil Co. v. United States, supra; United States v. Aluminum Co. of America, supra.

The practices of the defendants Delta and of Craver alleged in the complaint have ceased and there is no indication that they will or can be resumed by either; in fact, the prospect is quite to the contrary. This suit for an injunction has become moot as to them. United States v. Hamburg-Amerikanische Packet-Fahrt-Actien-Gesellschaft, 239 U.S. 466, 475, 36 S.Ct. 212, 60 L.Ed. 387, and courts do not decide moot questions. Cheong Ah

Moy v. United States, 113 U.S. 216, 5 S.Ct. 431, 28 L.Ed. 983; Chicago etc. Assn. v. Willing, 7 Cir., 20 F.2d 837, 844.

In support of the government's position are cited United States v. Trans-Missouri Freight Association, 166 U.S. 290, 308, 309, 17 S.Ct. 540, 41 L.Ed. 1007; United States v. Bates Valve Bag Corporation, D.C., 39 F.2d 162, and some other cases, but they are distinguishable. The complaints in those cases were not dismissed because successors of dissolved corporations had taken over the old business and the old practices. There is no such successor here.

■ The government urges that these defendants should be kept in the case so that any private litigant who might bring suit for triple damages may use the final judgment in this one to establish a prima facie case against the defendants, 15 U.S.C.A. § 16. But it does not seem to me that these defendants should be subjected to the burden of a long and expensive trial when the basis for relief demanded in the complaint no longer exists and the sole purpose is an ulterior one. Moreover, a final judgment in the criminal action now pending against all the defendants would be equally effective under Section 16. It should also be remembered that the purpose of the suit at bar is to prevent future wrongful acts and that of a triple damage suit is to recover for wrongful acts in the past.

Counsel for the government makes the technical objection that a motion for summary judgment may not be made by defendant until after answer.

■ Rule 56(a) (b) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, expressly permits both a claimant and a defending party to move for a summary judgment. The claimant may move for summary judgment only after a pleading has been served in response to the pleading in which the claimant's claim is stated. The defending party may move for summary judgment at any time after a pleading stating a claim against him is served upon him provided it clearly appears that no valid claim against him exists. Moore's Federal Prac. Vol. 3, p. 3181; Miller v. Hoffman, D.C., 1 F.R.D. 290. The present situation is one particularly adapted to a motion for summary judgment.

Motion granted.

Settle order on notice.