## UNITED STATES v. STANDARD REGISTER CO.

Civil Action No. 36040.

District Court of the United States for the District of Columbia.

June 19, 1947.

Victor H. Kramer, Sp. Asst. to the Atty. Gen., for plaintiff.

W. B. Turner, of Dayton, Ohio, and James M. Guiher and Donald O. Lincoln, both of Washington, D. C., for defendant.

PINE, Justice.

This is an action to enjoin defendant from entering into and continuing to enforce contracts in alleged violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and Clayton Act, 38 Stat. 730, and for additional relief. It comes before me on plaintiff's motion for summary judgment.

Defendant makes two contentions, namely, (1) that the case is moot and (2) that its conduct was not in violation of the statutes involved. The record discloses, in respect of the first contention, that the activities complained of were discontinued before the institution of the suit. "While 'voluntary discontinuance of an alleged illegal activity does not operate to remove a case from the ambit of judicial power' [Walling v. Helmerich & Payne, 323 U.S. 37, 43, 65 S.Ct. 11, 89 L.Ed. 29] it may justify a court's refusal to enjoin future activity of this nature when it is combined with a bona fide intention to comply with the law and not resume the wrongful acts."[1] The court, therefore, is not deprived of jurisdiction merely by cessation of the activities here involved, but should determine the bona fides of the cessation. It should also determine whether it was in prophecy or dread of the suit which was filed, and whether there is a "dangerous probability" of resumption of such activities.[2] A "genuine issue" as to these questions of fact on which evidence should be adduced and the court's decision rendered[1] is disclosed by the record. Sum-

[1] Walling v. Hardwood Co., 325 U.S. 419, 421, 427, 65 S.Ct. 1242, 1250, 89 L. Ed. 1705, 1711.

[2] United States v. United States Steel Corp., 251 U.S. 417, 40 S.Ct. 293, 64 L.Ed. 343, 8 A.L.R. 1121.

mary judgment, therefore, is not warranted.[3]

However, Section 56(d), F.R.C.P., provides that, if motion for summary judgment is not rendered upon the whole case, and a trial is necessary, the court shall, if practicable, ascertain what material facts exist without substantial controversy, and shall thereupon make an order specifying such facts. Accordingly, the following facts are found to be without substantial controversy:

Defendant is engaged in the manufacture and distribution, by sale and lease, of aligning, feeding, and other form handling devices for installation in typewriters and business machines. They are shipped by defendant to lessees and purchasers in the District of Columbia and various states of the United States. It has under lease in excess of 11,000 of these devices. One of its devices, known as a Registrator Platen, is covered by patents owned by defendant. The use of these devices has become a practical business necessity for plaintiff and others. Defendant also manufactures and sells bilaterally punched continuous forms which are not patented, for use in machines in which Registrator Platens and other devices of defendant have been installed. These forms are fed and controlled by pins in the Registrator Platen and other devices of defendant which engage the holes punched in the margins. One of the purposes of this mechanism is to assure proper alignment of the continuous forms. These forms are manufactured by defendant at its factory in Dayton, Ohio, and are shipped by defendant to purchasers in the District of Columbia and various states of the United States. The dollar volume of defendant's gross shipments for 1945, of bilaterally punched continuous forms manufactured by defendant, was in excess of nine million dollars. Other companies manufacture continuous forms suitable for use over the Registrator Platen and other form handling devices leased by defendant. In 1941 more of defendant's tabulating forms were used than all other marginal-punched continuous tabulating forms combined.

From 1934 until July 23, 1946, defendant had entered into agreements with government departments and agencies and commercial users by which defendant licensed and leased its Registrator Platens subject to the following conditions:

"This license shall continue only as long as the User purchases from the Owner or its authorized representatives, at the prevailing quotations made from time to time by Owner to others in similar position as User, marginally punched stationery or continuous form material for use on the devices licensed hereby in lots totalling minimum gross price of Fifty ($50.00) Dollars per order, and not less than Fifty ($50.00) Dollars per year for each feeding device licensed hereunder and only so long as no continuous form material or marginally punched forms obtained elsewhere than from Owner and/or its authorized representatives is used by User with the licensed property. But nothing herein shall be deemed to restrict the User in the purchase of continuous manifolding form material from others than Owner, or to limit the User in the purchase, lease or license of feed aligning devices of others excepting that no license is to be implied hereby under the patents referred to in Schedule One as to such products of others."

Prior to July 23, 1946, defendant had formulated and adopted the policy of refusing to install Registrator Platens unless an agreement embodying these conditions was first secured from the prospective user of the devices. Substantially all these agreements were terminated by defendant prior to institution of suit.

Counsel will submit order in accordance with this memorandum.

---

[3] Summary judgment may be rendered only when there is no genuine issue as to a material fact. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.