## BISHOP

v.

### SHAUGHNESSY, Collector of Internal Revenue.

No. 3329.

United States District Court,
N. D. New York.

Argued Aug. 11, 1950.

Submitted Aug. 24, 1950.

Decided Sept. 6, 1950.

See also, D.C., 95 F.Supp. 759.

Smith and Sovik, Syracuse, N. Y., for plaintiff.

Irving J. Higbee, U. S. Atty., Syracuse, N. Y., Frederick Rita, Sp. Asst. to Atty. Gen., Washington, D. C., for defendant.

BRENNAN, Chief Judge.

Plaintiff moves for a summary judgment. Defendant moves to dismiss the complaint upon the ground that it fails to set forth a claim upon which relief can be granted.

For several years prior to 1942 the plaintiff was the controlling stockholder, president, treasurer and a director of the Globe Forge, Inc., a corporation of Syracuse, New York. The complaint alleges that on April 17, 1942, the plaintiff transferred by way of gift to his wife 455 shares of 7% cumulative preferred stock and 93 shares of the same stock to his son. At that time there was ac-

cumulated unpaid back dividends on the stock from 1934 to 1941, inclusive. Affidavits filed on this motion show that the transfer was actually made on the books of the company about the time above mentioned, and that the stock has remained in the sole possession and control of the donees. In the fall of 1942, dividends amounting to $14 per share, covering the years 1934 and 1935, were paid to the donees. In 1943, the balance of the past due dividends amounting to $49 per share was similarly paid. It is further alleged that in January, 1942, a resolution was passed by the board of directors of the above mentioned corporation to the effect that the treasurer be authorized to pay all back due dividends on the preferred stock of the corporation during the year 1942, at his discretion as the condition of the corporation warranted. It further appears that, according to the balance sheet of the corporation for the year closing December 31, 1942, the company had an earned surplus more than sufficient to meet all past due dividend requirements.

The taxpayer filed his income tax returns on a cash basis and made no report therein of the payment of the dividends as items of income for either 1942 or 1943. The donees reported the receipt of the dividends as above indicated upon their income tax returns for 1942 and 1943. In 1945, the plaintiff filed a gift tax return showing the transaction above referred to and alleging as a reason for the late filing of the return that he believed that the stock was practically valueless. Shortly thereafter the Commissioner adjusted the taxpayer's income tax returns, assessing against him as income the dividends paid to the donees in the years 1942 and 1943. This readjustment resulted in an assessment against the taxpayer of about $20,859.39, including interest, for the year 1943. This sum was paid under protest. Application for a refund was made, and this action followed.

Since the determination of plaintiff's motion for summary judgment requires the Court to ascertain whether or not a material question of fact exists, recourse is had to the pleadings. Paragraph "3" of the complaint alleges the transfer by the plaintiff by gift of the stock mentioned above. The names of the donees are listed; the stock is described, and its status as to back dividends is set forth. Paragraph "II" of the answer denies the allegation of the complaint, except that it admits that the plaintiff "purportedly" transferred by gift the stock mentioned in the complaint. The Court interprets this paragraph of the answer as denying that the transactions amounted to gifts according to the applicable taxing statutes.

Upon the motion it seemed to be conceded that the question as to whether or not valid gifts were made was raised by the pleadings as above described, and the plaintiff submits the affidavit of each donee, an affidavit of the secretary of the company, and an additional affidavit by the plaintiff; all of which he urges show that the transaction of April 17, 1942, above described, constituted complete gifts of the stock and dividends in question, legally effective for all purposes. There is filed one opposing affidavit made by the attorney for the defendant which generally fails to comply with the provisions of Rule 56(e) of the Rules of Civil Procedure, 28 U.S.C.A. It sets forth some facts, but does not dispute the allegations of the complaint, except by inference. The provisions of the Rule make it unavailable to bolster the denial in the answer.

This is another litigation wherein the facts are particularly in the possession of the plaintiff and the interested donees, and the opposing affidavit in substance states that the defendant and his agents have no means of ascertaining the truth of the essential allegations of the complaint.

The plaintiff contends that the mere formal denial of plaintiff's allegations as to the making of the gifts is not sufficient to raise a triable question of fact, and thereby defeat a motion for summary judgment. He urges in effect that gifts by husband to wife or to son raise

no suspicion of illegality; that the undisputed transfer of the stock on the books of the company constitute completed gifts, and the plaintiff should not be subjected to the expense and unpleasantness of a trial under the circumstances.

The defendant contends that the circumstances here indicate that the plaintiff had full control of the affairs of the corporation whose stock was transferred; that under the resolution of the board of directors and as a practical matter by reason of the taxpayer's dominance of the corporation he could effectively control the time of the dividend payments; that his credibility and that of his wife and son are questions for the trier of the fact; that the right of cross-examination is essential to the determination of the full truth in this litigation.

Plaintiff proceeds upon the theory that complete gifts of stock were made, together with the right of the donees to receive the cumulative dividends when they were paid. The defendant in his answer denies such gifts by an allegation which seems sufficient according to the provisions of Rule 8(b) of the Rules of Civil Procedure. Upon plaintiff's theory the question as to whether or not gifts were made are plainly material factual issues to be determined. Foley v. Allen, 5 Cir., 170 F. 2d 434.

Precedent is not necessary to support the statement that the intention of the donor is a necessary element of a gift *inter vivos*. It follows that even if the completion of the physical acts necessary to constitute a gift be admitted, such acts may be evidence of intention, and the necessity to find intention as a fact still exists. Intention is a state of mind, and is generally shown by acts performed by the donor from which intention is inferred. A conclusion reached from inferences is then one for the trier of the fact, Foley v. Allen, supra, and this decision might well end here, except that the plaintiff urges that where the facts are disputed only by formal denial, such denial must be considered insufficient to raise a triable issue.

The application of Rule 56 authorizing summary judgment has been the subject of many reported decisions. To attempt to reconcile these decisions would be to undertake an onerous task, and it is doubtful if the conclusion would serve the purpose of complete clarification. If clarification is needed, it should come from an appellate court. This Court is bound by the decisions within this circuit, and the oft-cited cases of Doehler v. U. S., 2 Cir., 149 F.2d 130, and Arnstein v. Porter, 2 Cir., 154 F.2d 464, are declaratory of the law. We are admonished in the Doehler case that a litigant has a right to a trial where there is the slightest doubt as to the facts. The ultimate fact here is whether or not gifts were made, and that fact depends upon a determination of the donor's intention. In the Arnstein case we are further admonished that summary judgment is improper, and a trial indispensable where credibility is crucial. Here, the evidence of a gift is apparently to be established by evidence of the plaintiff and the members of his family. Certainly credibility here is an important factor. We are further admonished in the Arnstein case that the right of cross-examination is not to be lightly foreclosed, especially as to matters peculiarly within—as in this case—the plaintiff's knowledge. The two cases referred to above have been cited many times, and they have been followed by later decisions within this circuit. Colby v. Klune, 2 Cir., 178 F.2d 872; Fogelson v. American Woolen Co., 2 Cir., 170 F.2d 660; Boro Hall Corp. v. General Motors, 2 Cir., 164 F.2d 770; Bozant v. Bank of New York, 2 Cir., 156 F.2d 787. Plaintiff's argument that this decision impairs the usefulness of the summary judgment rule is a repetition of the discussion contained in Peckham v. Ronrico Corp., D.C., 7 F.R.D. 324, reversed, 1 Cir., 171 F.2d 653, and in Reynolds Metals Co. v. Metals Disintegrat-

ing, D.C., 8 F.R.D. 349, affirmed, 3 Cir., 176 F.2d 90. In the Reynolds case Judge Fake discussed at some length the holding in Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, to the effect that on a motion for summary judgment, affidavits may be considered for the purpose of ascertaining whether an issue of fact is presented, but they can not be used for deciding the fact issue. Judge Fake followed the holding, but with some apparent misgivings as to the effect. His action was upheld on appeal. The principle was re-affirmed in the Reynolds case and the Hart case is cited with approval in Colby v. Klune, supra, so that it is apparent that the plaintiff's argument is rejected and that the limitation of the use of affidavits as expressed in the Hart case is recognized in this circuit.

■ It must be borne in mind that the Rule providing for summary judgment is an exception to the general rule that parties engaged in a factual dispute are entitled to a trial, and that the party moving for summary judgment has a heavy burden to show that his cause of action comes within the Rule. Even though the burden be heavy, it is not impossible, but there must be a showing that the factual issues are something less than genuine. Arnstein v. Porter, supra. The Court is impressed that the case in any event may not be disposed of in its entirety by a finding that a gift was or was not consummated. It can be readily foreseen that the question of the financial condition of the company at the time the gift was made; the actual time within which the dividends paid were earned by the company and available for disposition, may become matters of importance in determining whether or not the assessment made by the Commissioner was correct. These questions might well be important in the litigation whether or not a gift is established, and, therefore, it follows that the granting of this motion would not conclude the litigation.

■ Defendant's motion to dismiss the complaint seems to be based upon a claim that the application for refund filed by the plaintiff is at variance with the theory of the complaint. The problem is not made clear by the papers before the Court, and justice requires that no attempt should be made to resolve any such dispute prior to the time of the trial, when an opportunity will be afforded to produce the original papers, which seem to be the basis of the motion.

As above indicated, both motions, to-wit, plaintiff's motion for a summary judgment and defendant's motion to dismiss the complaint, are denied.

Order may be submitted in accordance with this opinion.