UNITED STATES
v.
**NATIONAL ASS'N OF LEATHER GLOVE MFRS., Inc., et al.**

UNITED STATES
v.
**ASSOCIATION OF KNITTED GLOVE & MITTEN MFRS. et al.**

Civ. Nos. 3715, 3716.

United States District Court
N. D. New York.

Oct. 19, 1950.

J. Howard McGrath, Atty. Gen., Herbert A. Bergson, Asst. Atty. Gen., Marcus A. Hollsbaugh, Sp. Asst. Atty. Gen., Irving J. Higbee, U. S. Atty., Syracuse, N. Y., Melville C. Williams and John D. Swartz, Sp. Assts. to the Atty. Gen., John C. Leonforte, New York City, and Louis Perlmuter, Buffalo, N. Y., Trial Attys., for plaintiff.

Taylor & Grammer, Amsterdam, N. Y., Mayer, Meyer, Austrian & Platt, Chicago, Ill., H. Andrew Schlusberg, Gloversville, N. Y., Murphy & Niles, Johnstown, N. Y., Maider, Maider & Smith, Gloversville, N. Y., Brackett, Eddy & Dorsey, Saratoga Springs, N. Y., for defendants.

BRENNAN, Chief Judge.

Plaintiff in each of the above named actions seeks a decree adjudging that the defendants have conspired to restrain interstate trade and commerce in violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. An injunction restraining the defendants is the principal relief sought in the complaint.

Both complaints are similar in form and substance. The defendants are not identical, although some of the parties are named defendants in both actions. In action No. 3715 the allegations of the complaint refer to the manufacture and sale of leather gloves and the defendants are engaged in that business. In action No. 3716 the allegations refer to the manufacture and sale of knitted gloves, and the defendants are engaged in that business. Since the allegations of the complaints are very similar, the motions as addressed to each complaint will be disposed of together.

## Motions to Dismiss

Motions to dismiss the complaint are made in each action in behalf of at least two of the defendants named therein. The basis of each motion is the alleged failure to state a claim upon which relief can be granted. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

The burden of defendants' contention is that the allegations of the complaint are conclusive in nature, and that the combination or conspiracy alleged in the complaint is not supported by sufficient detailed allegations of fact as to show its unlawfulness within the provisions of the Sherman Act. The complaint itself must furnish an answer to such contentions.

Concisely stated, the complaint, involving leather glove manufacturers, alleges that members of the defendant Leather Glove Association control approximately 90% of the domestic leather glove production. A similar allegation is found in the action involving knitted glove manufacturers. Each defendant is then charged with a violation of the Sherman Act in that they engage in a conspiracy in unreasonable restraint of interstate trade and commerce, in that the selling price of gloves would be stabilized by the defendant by agreeing upon prices, terms of sale and exchanging information concerning costs, production, and sales. It is further alleged that the defendants maintained a blacklist among the members of the association, which blacklist contained the names of retailers and jobbers who refused to accept the selling price, terms and conditions, and that such retailers and jobbers would be coerced into the acceptance of same by the threat to name them in the blacklist. Retailers and jobbers would be further coerced to pay amounts claimed by members of the association to be due them under the threat of being named in the blacklist. The complaint contains a further allegation that the conspiracy had the effect of suppressing and eliminating competition and that such effect was intended by the defendants.

The Rules of Civil Procedure require that pleadings are to be construed liberally, and since the case of Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, it has been uniformly recognized that there is no justification for the dismissal of a complaint for insufficiency of statement, except where it ap-

pears to a certainty that the plaintiff would be entitled to no relief under any of the facts which could be proved in support of the claim. This rule has been uniformly recognized and liberally construed. The Supreme Court in Hickman v. Taylor, 329 U.S. 495 at page 501, 67 S.Ct. 385, 91 L.Ed. 451, states in substance that under the rules the task of the pleadings is to give notice to the defendant of the nature of the claims made by the plaintiff, the details of which may be ascertained through the deposition-discovery process. It is recognized that in anti-trust cases to require the allegation of details of an alleged unlawful combination or conspiracy would result in a complaint of such length as to conflict with the provisions of the rule, which requires a conciseness in pleadings. The case of U. S. v. Socony Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129, states plainly that any combination or conspiracy which tampers with price structure is engaged in an unlawful activity. The maintenance and use of a blacklist has been held unlawful since Eastern States Retail Lumber Dealers Association v. United States, 234 U.S. 600, 34 S. Ct. 951, 58 L.Ed. 1490, cited as authority in U. S. v. U. S. Alkali Export Association, D.C., 86 F.Supp. 59 at page 77. The complaint here charges a combination which violates the Sherman Act in the two particulars referred to above, and this Court cannot say that plaintiff is not entitled to relief under the present liberal interpretation of pleadings, and the tendency of trial courts to admit evidence which is within its framework. United States v. Standard Oil Co. of California, D.C., 7 F.R.D. 338; United States v. Johns-Manville, D.C., 1 F.R.D. 548.

■ The Court has not overlooked the cases cited by the moving parties, especially Shotkin v. General Electric Company, 10 Cir., 171 F.2d 236, and Feddersen Motors v. Ward, 10 Cir., 180 F.2d 519. Each of these cases was brought to obtain a money judgment to redress a private wrong. They are based upon an asserted violation of the Sherman Act with resulting injury. The court held therein that the complaints contained no sufficient allegation of restraint of interstate commerce. Here there is a direct allegation of unreasonable restraint together with the allegation showing that a high percentage of the manufactured articles are controlled by the defendants.

■ The pleading is sufficient to show an interest and tendency to interrupt and restrain the free flow of interstate commerce.

The motions to dismiss are denied.

Motions for More Definite Statements

Motions are made on behalf of several defendants for more definite statements as to certain allegations of the complaints. These motions are based upon the provisions of Rule 12(e) of the Federal Rules of Civil Procedure, and the language of the Rule imposes the burden of satisfying the Court that the allegations in the complaint are so vague or ambiguous that the defendant cannot reasonably be required to frame an answer thereto.

■ At the time of the argument of these motions, the Court indicated that its attitude in anti-trust cases is to keep the pleadings as concise as possible, and to be more liberal in the application of the procedural rules relating to discovery and inspection. This attitude is warranted by the language of the Rules relating to pleadings and by characteristics of anti-trust litigation. Generally the plaintiff's complaints are based upon information obtained through the inspection of the books, records and papers of the defendant. Such inspection may not have been complete, and in the preparation for trial or in the actual litigation additional facts may come to light with a resulting impediment to justice if the pleading is unduly limited. The decision of these motions is approached with the language of the rule in mind. In other words, only where it appears that the al-

legations of the complaint are so vague and indefinite that a pleader cannot with ethical safety answer same will the motion be granted.

Many of the requests for more definite statements contained in the moving papers were practically eliminated at the oral argument. An examination thereof confirms such disposition. There remain only two such requests which require comment or discussion.

■ In each of the complaints it is alleged that the named defendants and other unnamed members of the defendant associations have engaged in a combination and conspiracy. It is apparent from the complaints that all members of the associations are not named as defendants, and it is not clear as to whether a limited number of the manufacturers who belonged to the associations were alleged to be members of the conspiracy or whether all members are charged by the plaintiff to be conspirators. This is such an ambiguity as to require clarification, and the motion is granted to the extent that the plaintiff is required to state the names and addresses of each person, firm, corporation or partnership who plaintiff claims engaged in the combination or conspiracy as alleged in the complaints.

■ Earnest argument is made that the allegation in each complaint, which in substance charged that the defendants stabilized the selling price of gloves by agreeing upon prices, is so vague and uncertain as to require a statement by the plaintiff as to whether or not the words "agreeing on prices" refer to wholesale, retail jobbing or other prices, as same is applied to each particular defendant. Upon the argument the plaintiff contended that the words are general in scope and that the plain interpretation thereof is that it applies to any method of sale used by the individual defendant. The allegation of the complaint is susceptible to that interpretation, and the Court is impressed that a responsive pleading may be drawn without a more definite statement.

The moving parties' argument seems to be that if they are engaged in the wholesale and retail manufacture and sale of gloves, and if they occasionally sell by contract, each defendant should be appraised in the complaint as to the particular branch of his business to which the conspiracy applies. The defendants' argument is difficult to follow. The conspiracy may have embraced all methods of the sale of gloves; that is, the complete agreement as to prices may have contemplated all prices charged by the manufacturer, and, even if the manufacturer only disposed of his goods through a single outlet, it is difficult to see how his status as a member of the combination would be changed.

■ There is no dispute among the parties as to the principles of law involved. The difficulty arises in the application of the principles to the facts of each particular case. The motion invokes the discretion of the Court to be exercised within the framework of the rule. Several defendants have already filed their answers, so that the moving parties alleging inability to answer appears to be more technical than practical. The interpretation of the allegation as given by the government on the argument of this motion may well be adopted by the defendants in the preparation of their answers, and in that event the statement requested in the motion becomes a matter of evidence.

The motions are denied, except that the plaintiff is required to furnish a more definite statement as to the names of the conspirators as indicated above.

### Motions for Summary Judgment

In the action in which the Association of Knitted Glove and Mitten Manufacturers is named as defendant, a motion is made for a summary judgment in accordance with Rule 56 as to the defendants, the Association of Knitted Glove and Mitten Manufacturers, the National Association of Leather Glove Manufacturers, Inc. and James H. Casey, Jr. because

there is no genuine issue of material facts, and that the moving parties are entitled to a judgment as a matter of law.

The motion has its factual basis in the moving papers which may be concisely stated as follows. The Knitted Glove and Mitten Manufacturers is an unincorporated trade association and existed as a division of the Leather Glove Association. It had its board of directors, and defendant Casey acted as its secretary. On June 15, 1950, all of the individual and corporate members of the Knitted Glove Association appeared in person or by representative at the board of directors' meeting of the Leather Glove Association, and withdrew and ceased to be members thereof. It is apparent that the purpose of this action was to divorce the activities of the Leather Glove Association, of which the Knitted Glove Association was a division, from any of the affairs of the Knitted Glove Association. At the same time all of the members of the Knitted Glove Association resigned their membership, and the defendant Casey apparently resigned as secretary to the Knitted Glove Association and, therefore, has no power to represent the former members in any manner. The whole situation is not clear. The Knitted Glove Association has no members, but it does not appear that it has been dissolved or its assets disposed of. Mr. Casey's affidavit states that he is informed that the manufacturers of knitted gloves who are defendants in this action intend to effect a wholly new organization, having no connection nor relationship with the Leather Glove Association.

This action was started August 1, 1950. The moving parties appear to argue, since the Knitted Glove Association is no longer part of the Leather Glove Association and its individual members and secretary have resigned, that neither the association, its former secretary, nor the Leather Glove Association are proper defendants in this action, and no relief may be granted against them.

The complaint in the action contains allegations which in substance allege that the Knitted Glove Association is a division of the Leather Glove Manufacturers; that Mr. Casey is the secretary of both organizations, and then proceeds to allege the same type of illegal activities as heretofore described. It is, therefore, apparent that in any event the Court would have to pass upon the factual correctness of the moving affidavits here and evaluate their legal effect. This the Court may not do on a motion for summary judgment. Colby v. Klune, 2 Cir., 178 F.2d 872. This subject is discussed at length in Bishop v. Shaughnessy, D.C.N.Y.1950, 119 F.Supp. 62, and need not be repeated here.

The moving parties' claim that the issues in the action are moot as to them is for the trier of the facts. The moving papers disclose that "* * * difficulties with the government as to anti-trust matters * * *" existed prior to the action of June 15, 1950. Under the circumstances the statement of Judge Hand in U. S. v. Aluminum Co., 2 Cir., 148 F.2d 416, at page 448, is applicable here. See also U. S. v. Standard Register Co., D.C., 7 F.R.D. 287.

The two cases relied upon to support the motions have been considered. The case of U. S. v. Hart-Carter Co., D.C., 63 F.Supp. 982, was decided after a trial and a prior summary judgment had been denied. In U. S. v. William S. Gray & Co., D.C., 59 F.Supp. 665, the defendant corporation had been legally dissolved for a considerable time prior to the institution of legal proceedings. The cessation of business and dissolution are not parallel with the circumstances disclosed here.

The motions are denied.