**Alden D. STANTON and Louise M. Stanton, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 14475.**

United States District Court
E. D. New York.

Sept. 28, 1955.

O'Connor & Farber, New York City, for plaintiffs (Williams F. Snyder and Clendon H. Lee, New York City, of counsel).

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant (H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and George T. Rita, Attys., Dept. of Justice, Washington, D. C., of counsel).

ABRUZZO, District Judge.

Plaintiffs instituted this action to recover the sum of $15,056.29 representing income taxes for the calendar year 1943 and interest which they allege was erroneously and illegally assessed and was erroneously and illegally collected by the Collector and Acting Collector of Internal Revenue for the First District of New York.

The action is brought under Title 28 of the United States Code, §§ 1346 and 1402(a).

All factual references will refer to the plaintiff, Alden D. Stanton. The plaintiff, Louise M. Stanton, is the wife of Alden D. Stanton and she was named as a party-plaintiff because she and her husband filed a joint income tax return for the year in question.

In 1933 or 1934 plaintiff entered the employ of Trinity Church to manage its real property. Thereafter a New York corporation was formed known as Trini-

**804**

ty Operating Company, Inc., and plaintiff became president and a member of the board of directors of the operating company. He eventually was named comptroller of the church but was never a vestryman or warden thereof. He was actively engaged on a full-time basis in managing the real estate investments of Trinity Church and its subsidiaries and in reorganizing and rehabilitating their properties, and in 1942 had been receiving an annual salary of $22,500.

Desiring to engage in business on his own, he submitted his resignations on November 9, 1942, as comptroller of Trinity Church and president of the operating company to become effective at the pleasure of the vestry and of the board of directors respectively. The resignations were accepted to become effective November 30, 1942. He was not discharged but resigned voluntarily.

On November 19, 1942, at a meeting of the board of dirctors of the operating company the following preambles and resolution were adopted:

"Whereas Mr. Alden D. Stanton has tendered his resignations from all the offices he held under the Corporation of Trinity Church and its subsidiaries; and

"Whereas said resignations have been accepted, to be effective as of November 30, 1942;

"Be It Resolved that in appreciation of the services rendered by Mr. Stanton as Manager of the Estate and Comptroller of the Corporation of Trinity Church throughout nearly ten years, and as President of Trinity Operating Company, Inc., its subsidiary, a gratuity is hereby awarded to him of Twenty Thousand Dollars, payable to him in equal instalments of Two Thousand Dollars at the end of each and every month commencing with the month of December, 1942; provided that, with the discontinuance of his services, the Corporation of Trinity Church is released from all rights and claims to pension and retirement benefits

not already accrued up to November 30, 1942."

Plaintiff was not present at the meeting nor did he vote on such resolution or participate in any way in the discussions which preceded it. The payments in the aggregate amount of $20,000 were paid, $9,600 by Trinity Church and $10,400 by the operating company, and the reason why the payments were made in instalments rather than in a lump sum was to avoid placing any undue burden on the church and its subsidiaries. There was no consideration whatever which entered into the passing of the resolution nor did the church or any of its subsidiaries owe the plaintiff any money on account of salary or for any other reason. The $20,000 was paid to plaintiff as a gratuity and bore no relationship to his salary and was treated by the donor as a gratuity on its books. Neither the church nor the operating company received any federal tax benefit on account of the gratuity paid to the plaintiff, nor were any amounts withheld from such payments.

Plaintiff had been a member of the pension plan of Trinity Church but contributions paid by him were returned to him subsequent to his resignation.

Plaintiff and Mrs. Stanton filed joint income tax returns for the years 1942 and 1943 and paid the income tax assessed. In such returns the amount of the gratuity was set forth as a gift but was excluded from gross income. The returns were audited and the Commissioner of Internal Revenue determined that there was a deficiency in taxes from plaintiff for the year 1943 in the amount of $10,629.57, based on plaintiff's alleged erroneous exclusion of the gratuity from gross income of the plaintiffs. The deficiency together with interest was assessed against the plaintiffs and they paid the tax and interest in the total amount of $15,056.29 to the Collector of Internal Revenue.

Plaintiffs filed a claim for refund but the claim was rejected and disallowed and they have instituted this action to recover said amount. They are now moving for summary judgment.

The summary of facts above related are those set forth in the papers submitted by plaintiffs in support of their motion and are not in any way controverted by the defendant, but in opposing this motion the defendant raises the objection that it has had no opportunity to cross-examine the plaintiff, Alden D. Stanton, and Reginald R. Belknap, a vestryman and church warden of Trinity Church who has submitted an affidavit in support of the plaintiffs' application. The defendant contends that the ultimate fact is whether or not a gift was made and that this fact can only be established by showing donative intent; that with respect to this the credibility of plaintiffs' witnesses is of the utmost importance and since the facts are peculiarly within the plaintiffs' knowledge the defendant must have the right of cross-examination, and that the issues raised by the pleading be passed upon by the Court after it has seen plaintiffs on the stand and had an opportunity to judge their credibility.

■ "If the sum of money under consideration was a gift and not compensation, it is exempt from taxation * *." Bogardus v. Commissioner, 302 U.S. 34, 40, 58 S.Ct. 61, 64, 82 L.Ed. 32. However, this Court is bound by the decisions in this Circuit. In Arnstein v. Porter, 2 Cir., 154 F.2d 464 at page 471, it was held:

"But where, as here, credibility, including that of the defendant, is crucial, summary judgment becomes improper and a trial indispensable. It will not do, in such a case, to say that, since the plaintiff, in the matter presented by his affidavits, has offered nothing which discredits the honesty of the defendant, the latter's deposition must be accepted as true. We think that Rule 56 was not designed thus to foreclose plaintiff's privilege of examining defendant at a trial, especially as to matters peculiarly within defendant's knowledge. * * *"

In Bishop v. Shaughnessy, D.C.N.D. N.Y., 119 F.Supp. 62 at page 65 it was said:

"This Court is bound by the decisions within this circuit, and the oft-cited cases of Doehler [Furniture Co.] v. United States, 2 Cir., 149 F.2d 130, and Arnstein v. Porter, 2 Cir., 154 F.2d 464, are declaratory of the law. We are admonished in the Doehler case that a litigant has a right to a trial where there is the slightest doubt as to the facts. The ultimate fact here is whether or not gifts were made, and that fact depends upon a determination of the donor's intention. In the Arnstein case we are further admonished that summary judgment is improper, and a trial indispensable where credibility is crucial. Here, the evidence of a gift is apparently to be established by evidence of the plaintiff and the members of his family. Certainly credibility here is an important factor. We are further admonished in the Arnstein case that the right of cross-examination is not to be lightly foreclosed, especially as to matters peculiarly within—as in this case—the plaintiff's knowledge. The two cases referred to above have been cited many times, and they have been followed by later decisions within this circuit. Colby v. Klune, 2 Cir., 178 F.2d 872; Fogelson v. American Woolen Co., 2 Cir., 170 F. 2d 660; Boro Hall Corp. v. General Motors [Corp.], 2 Cir., 164 F.2d 770; Bozant v. Bank of New York, 2 Cir., 156 F.2d 787. * * *"

■ In the instant case, defendant has cross-examined Woolsey A. Shepard, a member of the vestry and General Counsel of Trinity Church whose deposition was taken on December 9, 1954, but the defendant cannot be foreclosed from cross-examining the plaintiff, Alden D. Stanton, or Reginald R. Balknap, and, therefore, the motion for summary judgment must be denied.