**CAROLINA SCENIC STAGES, INC.,**
Plaintiff,

v.

**The GREYHOUND CORPORATION,**
Defendant.

**Civ. A. No. AC–933.**

United States District Court
E. D. South Carolina,
Columbia Division.

Oct. 15, 1965.

---

11. Braziller v. Lind, supra. Cf. Barter v. Eastern S.S. Lines, Inc., 1 F.R.D. 65 (S.D.N.Y. 1939).

**314**

Gressette & Gressette, St. Matthews, S. C., Hamrick & Hamrick, Rutherfordton, N. C., Wofford & Snyder, Greenville, S. C., Fulmer, Barnes & Berry, Columbia, S. C., for plaintiff.

Turner, Padget & Graham, Columbia, S. C., Brown, Jefferies & Mazursky, Barnwell, S. C., Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., for defendant.

SIMONS, District Judge.

This matter is before the court on defendant's motion for a more definite statement, pursuant to Rule 12[e] of the Federal Rules of Civil Procedure, with respect to the complaint filed herein June 22, 1962.

 The complaint charges that defendant conspired with its own employees and others, with and through its subsidiaries, to injure plaintiff and other carriers by engaging in unlawful acts to restrain interstate trade and commerce in the transportation of light express, passengers, their luggage and effects, in violation of Title 15, U.S.C., § 15, commonly known as the "Clayton Act". Plaintiff seeks, under provisions of this Act, treble damages in the amount of $3,000,000.

Rule 12[e] provides that:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. * * * *"

The history of this rule shows that it was never intended that 12[e] be used as a discovery procedure prior to issues being joined, and that 12[e] must be read in conjunction with the liberalized form of pleadings embodied in Rule 8, which requires only a concise and plain statement of the claim showing that the pleader is entitled to relief.[1] Defendant argues that this court's decision herein should be guided by and be in accordance with rulings on similar motions made in antitrust cases before other federal courts, and contends that such motions have been more favorably received in cases involving conspiracies under the anti-trust

1. Moore's Federal Practice, Vol. 2, § 12.-17, pp. 2278 et seq.; Barron & Holtz-off, Fed. Practice & Procedure, Vol. 1A, § 362, pp. 410 et seq.

laws. However, I find from a review of the anti-trust cases cited by defendant and of other cases considering Rule 12[e] not involving anti-trust suits that, in considering a motion to make more definite under 12[e], the courts are concerned solely with the question as to whether the defendant can reasonably and safely frame a responsive pleading to a complaint as originally drawn. Prior to the abolition of the "bill of particulars" from Rule 12[e] by the 1948 Amendments to the Federal Rules, some courts had liberally allowed parties in anti-trust cases to obtain much factual information through the imposition of the "bill of particulars".[2] However, with the elimination of the "bill of particulars", it is clear that the rules require only plain and concise pleadings, and that Rule 12[e] must be construed in accordance therewith. Keeping these principles in mind the court will now consider defendant's motion to make more definite and certain.

In paragraph 1, 2 and 3 of its motion, defendant seeks to have complainant name the subsidiary corporations and various unnamed persons with whom it is alleged, in paragraphs 16 and 17 of the complaint, to have conspired to injure plaintiff. The complaint alleges that defendant conspired with "others", with "other subsidiary corporations", and with various unnamed employees of the Greyhound Bus Terminal in Columbia and Greyhound's own employees.

■ During oral argument before me, plaintiff's counsel asserted that by referring to "other subsidiary corporations" in the complaint, it intended to include any and all subsidiaries of defendant engaged in the transportation of light express, passengers, their luggage and effects. The complaint adequately alleges that Greyhound Corporation and any of its subsidiaries so engaged were involved in the alleged conspiracy; and, in my opinion, it is not necessary for complainant to actually name the said subsidiaries, particularly when such information is peculiarly within the knowledge of defendant.

Defendant cites Boerstler v. American Medical Ass'n., 16 F.R.D. 437 [D.C.Ill. 1954], in support of its motion to require plaintiff to name the particular subsidiaries allegedly involved in the conspiracy. In the Boerstler case the court required plaintiff to name particular subsidiaries of General Electric allegedly involved in an anti-trust conspiracy. The court determined in that case that it was uncertain which subsidiaries were involved, plaintiff apparently not having included all GE subsidiaries, and having included unnamed subsidiaries no longer in existence which were formerly owned by GE, but at time of suit dissolved or merged with it. In addition it is noted that GE is a much more diversified entity than Greyhound. In subject case plaintiff has included parent and all of its subsidiaries engaged in the business of transporting persons and light express, and in my opinion this portion of the complaint is not so ambiguous as to require further clarification; consequently this portion of defendant's motion is denied.

Defendant further seeks, in paragraphs 1, 2 and 3 of its motion, to require complainant to name the individual employees of the Greyhound Bus Terminal in Columbia, Greyhound's own employees, officers, and "others" engaged in the alleged conspiracy.

■ The complaint is ambiguous and indefinite in respect to the individual persons engaged in the conspiracy, and without this information defendant can not properly and safely prepare a responsive pleading.[3] Furthermore, de-

2. Moore's Federal Practice, Vol. 2, § 12.-17, pp. 2299–2301.

3. See Boerstler v. American Medical Ass'n, 16 F.R.D. 437 [N.D.Ill.1954]; United States v. National Ass'n of Leather Glove Mfrs., Inc., 15 F.R.D. 285 [N.D.N.Y.1950].

fendant may be liable for the acts of any of its officers and employees, who may have engaged in the conspiracy, and is therefore entitled to know the names of such individuals. The names of all individuals allegedly involved in the conspiracy should be given by plaintiff insofar as possible at the present time, with leave granted to plaintiff to amend its complaint to include any additional co-conspirators, who may be discovered during the course of discovery procedures, subject to the applicable discovery rules concerning additional interested or necessary parties to the action or witnesses discovered prior to trial of case. Defendant will also have the right to amend its answer accordingly.

■ Paragraphs 4 and 5 of defendant's motion seek to require plaintiff to name the "competing bus lines", "competing carriers", "other independent motor carriers and other independent carriers" referred to in paragraph 17 of the complaint as also having been damaged by the alleged conspiracy. It is my opinion that this information is not necessary in order for defendant to prepare an answer to plaintiff's complaint which adequately alleges unlawful acts of defendant resulting in restraint of trade in violation of the provisions of the Clayton Act. The information desired in this paragraph may be obtained by defendant through the appropriate discovery procedures after filing its answer.

■ Paragraph 17[f] of the complaint alleges that defendant did "force plaintiff and other independent carriers to park their buses in inconvenient locations and restrict the use of the station facilities. * * *" Defendant requests, in paragraph 6 of its motion, that plaintiff be required to set forth in its complaint the places wherein plaintiff and others were required to park, why these places were inconvenient, the manner in which complainant's use of station facili-

ties was restricted, and the location of all of the stations at which these occurrences have taken place.

Defendant is entitled to know at which of its stations such alleged acts took place, in order to safely answer the complaint, and this information will be given by plaintiff; however, the other specific facts sought by defendant at this time are not so vague and ambiguous that defendant cannot properly and safely prepare a responsive pleading without further clarification. Therefore, plaintiff will not be required to supply such further information at this time.

■ Paragraph 17[g] of the complaint alleges that defendant routed all express coming into the Columbia Station over the lines of defendant and its subsidiaries. Defendant requests, in paragraph 7 of its motion, that plaintiff set forth the names of these "subsidiaries". Defendant certainly knows which, if not all, of its lines carried freight out of the Columbia Station; and further clarification of this portion of the complaint is unnecessary.

Paragraph 8 of defendant's motion requests that plaintiff name the "other motor carriers" referred to in paragraph 8[b] and [c] of the complaint as having been affected by the alleged unlawful acts of defendant.

It is my opinion that this information is not required for defendant to prepare its responsive pleadings as previously noted herein and can be sought by various discovery procedures after issues are joined.

■ In paragraph 9 of its motion, defendant requests that complainant set forth the time or times in which each alleged unlawful act or conspiracy took place. It appears that the complaint adequately informs defendant of its alleged unlawful actions which have resulted in restraint of trade, and defendant does not need further elaboration in this regard

to adequately reply to the complaint. However, it is entitled to know, and plaintiff should set forth in its complaint when the alleged conspiracy initially began and ended. The time when each alleged act took place is not required in order for defendant to prepare an answer, and, in my opinion, would be too great a burden to impose upon plaintiff at this stage of the proceedings, especially since complainant alleges that the conspiracy was a continuing agreement and a concert of action among various individuals, defendant, and its subsidiaries.[4] At this time plaintiff may not be in position to name exact dates of participation of each individual, and of each individual act alleged in the complaint.

It is my feeling that in anti-trust cases, as in other civil cases, the better procedure is to resort to concise pleadings in keeping with the spirit of the Federal Rules, and to liberally interpret the rules relating to discovery, in order to allow both sides ample opportunity to develop and present their case without being restricted at the outset before resort to full discovery and inspection of records, books, et cetera, may be had. Defendant may readily obtain by discovery, after issues are joined, the information requested in paragraph 9 of its motion relating to specific times when each allegedly unlawful act took place, and the dates of participation by each alleged co-conspirator. If it then appears that the defense of statute of limitations or other defenses not included in the answer are applicable, defendant is granted leave to make appropriate motion to amend its answer to include such defenses. It is therefore

Ordered that defendant's motion for more definite statement be, and it hereby is, granted as to paragraphs 1, 2, 3, 6, and 9 of the said motion as discussed and limited herein above. It is further

Ordered that paragraphs 4, 5, 7, and 8 of defendant's motion be, and they hereby are, denied.

Plaintiff is granted a period of time not to exceed 90 days in which to amend its complaint by making it more definite and certain as required herein.

4. See paragraph 17 of complaint.