Investors Corp. of Vermont v. Bayer AG, No. 1011-04 Cncv  (Norton, J., June 1, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

INVESTORS CORPORATION OF VERMONT

v.

BAYER AG, ET AL.

ENTRY

This matter concerns allegations of unfair trade practices. The plaintiff, Investors Corporation of Vermont, has sued the defendants for allegedly restraining trade of Ethylene Propylene Diene Monomer (EPDM), a component of Ethylene-propylene elastomers, which are the third-most common forms of synthetic rubber in the world. Investors Corporation seeks to form a class of all Vermont persons or business entities that indirectly purchased EPDM from the defendants from January 1994 through December 2002. Investors Corporation claims violations of 9 V.S.A. §§ 2453, 2465 (Vermont antitrust law) and 9 V.S.A. §§ 2543, 2461 (Vermont consumer fraud law), as well as unjust enrichment.

Defendant ExxonMobile Chemical Corporation moves for more definite statement pursuant to V.R.C.P. 12(e). ExxonMobile argues that Investors Corporation's complaint fails to adequately specify the activities constituting violations of antitrust and consumer fraud laws.

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

> [T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.

5A C. Wright & A. Miller, Federal Practice and Procedure § 1376, at 725 (Supp. 2003).

In antitrust cases such as this one, there is technically no special requirement that facts be pled in particularity. Nagler v. Admiral Corp., 248 F.2d 319, 322–24 (2d Cir. 1957). Courts have noted, however, that because of the large expense of discovery, trial courts "may require some minimal and reasonable particularity in pleading before they allow an antitrust case to proceed." Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 n.2 (10th Cir. 1989) (citing Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 528 n.17 (1983)).

In general, though, an antitrust complaint must simply and unambiguously aver the existence of a combination or conspiracy, how this combination or conspiracy transpired, and the overall time of the alleged combination or conspiracy. See, e.g., OMB Police Supply, Inc. v. Elbeco, Inc., 2001 WL 681575, *6 (D. Kan. 2001) ("Defendants are entitled . . . to know the approximate time when the alleged conspiracy took place and ended. Plaintiff is not required to set forth the time when each transaction took place and in fact may not be in a position to give these exact dates."); Carolina Scenic Stages, Inc. v. Greyhound Corp., 38 F.R.D. 313, 316–17 (E.D.S.C. 1965) ("[P]laintiff should set forth in its complaint when the alleged conspiracy initially began and ended. The time when each alleged act took place is not required in order for defendant to prepare an answer, and . . . would be too great a burden to impose upon plaintiff . . . .").

Those cases that warrant a more definite statement (or in the absence of a more definite statement, dismissal) typically involve complaints that merely recite the statutory language without any alleged behavior on the part of the defendants. See, e.g., Mountain View Pharmacy v. Abbott Laboratories, 630 F.2d 1383, 1388–87 (10th Cir. 1980) (holding dismissal proper where amended complaint merely alleged tying arrangements and conspiracy among 28 defendants, but approving of portion of complaint that

identified specific companies involved in conspiracy); <u>Heart Disease Research Found. v. Gen. Motors Corp.</u>, 463 F.2d 98, 100 (2d Cir. 1972) ("Although the Federal Rules permit statement of ultimate facts, a bare bones statement of conspiracy or of injury under the antitrust laws without any supporting facts permits dismissal."); <u>John's Insulation, Inc. v. Siska Constr. Co.</u>, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) ("A general allegation of conspiracy . . . is a mere allegation of a legal conclusion and is inadequate of itself to state a cause of action.").

Here, ExxonMobil argues that Investors Corporation should, at a minimum, identify specific meetings at which ExxonMobil conspired with other defendants to set prices of EPDM, specific coordinated price hikes, and specific market allocations. This type of pleading goes beyond the "short and plain statement of the claim" required by V.R.C.P. 8(a). Moreover, such pleading would produce more verbiage than is helpful at this stage in the proceedings.

> [P]leading of the evidence is surely not required and is on the whole undesirable. It is a matter for the discovery process, not for allegations of detail in the complaint. The complaint should not be burdened with possibly hundreds of specific instances; and if it were, it would be comparatively meaningless at trial where the parties could adduce further pertinent evidence if discovered. They can hardly know all their evidence, down to the last detail, long in advance of trial. The sad truth is that these cases are likely to prove laborious in any event and that there is no real substitute for trial, although pre-trial conferences and orders may greatly speed the result. . . . [M]otions for particulars will not serve that purpose of particularizing antitrust issues, and Orders for more definite statements ordinarily do not result in furtherance of the solution of the big case.

<u>Nagler</u>, 248 F.2d at 326 (internal citations and quotes omitted). Hence, the specifics that ExxonMobil desires are better addressed through the discovery process and at summary judgment, if such a motion materializes.

This is not a case where the pleadings merely restate the antitrust statutes and fail to make any allegations of behavior on the part of the defendants. Rather, Investors Corporation alleges meetings among the defendants during the period of the conspiracy

3

and provides specific evidence of a coordinated price hike.[1] These are sufficient facts to place ExxonMobil on notice of the alleged violations.

ORDER

For the foregoing reasons, ExxonMobil's motion for a more definite statement is DENIED.


Dated at Burlington, Vermont, June 1, 2005.


                                        _____/s/_____
                                        Richard W. Norton    Judge

---

[1] Courts may consider circumstantial evidence in assessing whether antitrust violations occurred. <u>Cayman Exploration Corp. v. United Gas Pipe Line Co.</u>, 873 F.2d 1357, 1361 (10th Cir. 1989). The alleged coordinated price hikes provide such circumstantial evidence here.