## CHEONG AH MOY *v.* UNITED STATES.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

Submitted January 9, 1885.—Decided January 26, 1885.

The court declines to decide a question arising in a case which no longer exists, in regard to rights which it cannot enforce.

The facts are stated in the opinion of the court.

*Mr. H. S. Brown* and *Mr. Thomas D. Riordan* for plaintiff in error.

*Mr. Assistant Attorney-General Maury* for defendant in error.

Mr. JUSTICE MILLER delivered the opinion of the court.

The plaintiff in error here is a Chinese woman who, arriving at San Francisco from China, was not permitted to land in that city, by reason of the acts of Congress of May 6, 1882, and the amendatory act of 1884, and, being forcibly kept on board the vessel, sued out a writ of habeas corpus to obtain her release.

On a hearing in the Circuit Court of the United States, it was ordered that she be returned on board the vessel in which she came, or some other vessel of the same line, to be carried back to China; and she was placed in the custody of the marshal who was directed to execute the order.

On undertaking to do this, it was found that the vessel had sailed, and the marshal placed his prisoner in jail for safe keeping, until another vessel should be at hand to remove her.

Her counsel, upon this state of facts, applied to the Circuit Court for permission to give bail on behalf of the woman and have her released from custody. The judges of the Circuit Court were opposed in opinion on the question of granting this motion, and, having overruled it, have certified the division to this court.

In the mean time it is made to appear to us, by the return of the marshal, and by affidavits, that on the 2d day of October, three days after the order was made overruling the motion, and ten days before the writ of error herein was served by filing it in the clerk's office of the Circuit Court, the marshal had executed the original order of the court by placing the prisoner on board the steamship New York, one of the Pacific Mail Steamships, about to start for China, and that she departed on said vessel on the 7th day of October. It thus appears that the order of deportation had been fully executed, and the petitioner in the writ of habeas corpus placed without the

jurisdiction of the court, and of the United States, six days before the writ of error was filed in the Circuit Court, and several days before it was issued.

The question, therefore, which we are asked to decide is a moot question as to plaintiff in error, and if she was permitted to give bail, it could be of no value to her, as the order by which she was remanded has been executed, and she is no longer in the custody of the marshal or in prison.

This court does not sit here to decide questions arising in cases which no longer exist, in regard to rights which it cannot enforce.

*The writ of error is dismissed.*