Mrs. Concha **LOPEZ** et al., Plaintiffs-
Appellees,

v.

Roger **LUGINBILL**, Superintendent, et al.,
Defendants-Appellants.

No. 73–1052.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 12, 1973.

Decided Aug 27, 1973.

Richard C. Bosson, Albuquerque, N. M., for appellees.

John W. Bassett, Roswell, N. M., for appellants, Luginbill, Maxwell, Harris, Mitchem, Pirtle, Pritchard and Patterson.

C. Emery Cuddy, Jr., Santa Fe, N. M., for appellants DeLayo and Harvey.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

This appeal is from a judgment awarding the appellees declaratory and injunctive relief pursuant to 45 CFR 116.17(o)(2)(ii). The Court ordered the appellants to release a list of the names of parents of children receiving Title I educational benefits under 20 U. S.C.A. § 241 et seq. to the appellees. The Court held that 45 CFR 116.-17(o)(2)(ii) required the release of the information requested by the plaintiffs-appellees pursuant to HEW's interpretation of the regulation contained in letters by its Director of the Division of Compensatory Education.

The appellees are four of twenty-four members of the Parents Advisory Council of the Title I project for the Roswell Independent School District who served during the 1971–72 school year. The appellants are employees of the Department of Education of New Mexico and the Roswell Independent School District, including members of the District's Board of Education.

Title I of the Elementary and Secondary Education Act of 1965, 20 U.S.C.A. § 241 et seq. was initiated by Congress to inject large sums of federal money into the nation's impoverished schools to meet the needs of "educationally deprived children" through certain programs which provide for clothing, special education, equipment, transportation, etc. The program is administered by HEW. The Commissioner of Education, HEW, promulgated certain regulations to implement the statutes enacted by Congress, including regulations relating to a Parents Advisory Council (PAC), of which the appellees were members. 45 CFR 116.17(o). The function of the PAC is to submit recommendations to the local educational agency dealing with the needs of the "educationally deprived children." 45 CFR 116.17(o)(2)(iv). The PAC serves as a conduit to convey information about Title I to the parents of educationally deprived children and in turn convey the parents' ideas back to school authorities.

The appellees alleged that for effective involvement of the PAC, the members needed the names of the parents of educationally deprived children from the appellants, with the exception of those parents who had directed that their names not be disclosed. The appellants refused to release the names on these terms, but proposed alternatively that the parents of Title I children be notified that they could send a postcard identifying themselves to their PAC representative. The appellants contend that the blanket release of the parents' names would identify the children who are educationally deprived, cause embarrassment to the children and parents, result in possible harassment of the parents and children, and undermine the District's policy of confidentiality relating to student and family records. The appellees claim authority for the release of the names stemming from HEW's regulation which states in part as follows:

> . . . and that such other information as may be needed for the effective involvement of the council in the planning, development, operation, and evaluation of projects under said title I (including prior applications for title I projects and evaluations thereof) will also be made available to the council; . . . 45 CFR 116.17(o)(2)(ii).

At a PAC meeting on January 20, 1972 the four appellees presented a list of thirteen demands to the PAC, including the release of the names of Title I parents. All members of the PAC, with the exception of the appellees, opposed the release of the names as demanded by appellees. The vote was, accordingly, 20 to 4.

In February of 1972 the appellees filed an Administrative Complaint with the Commissioner of Education of HEW, making the same 13 demands. An investigation followed after which Mr. Fairley, Director of the Division of Compensatory Education, HEW, wrote to the appellants advising them that, based upon the findings of the investigation, the appellants must release to the PAC all names of Title I parents except those parents who had specifically requested that their names be withheld. The appellants replied that they would not comply with the requirements in Fairley's letters. They proceeded with the District's approved 1972–73 plan for parental involvement. The appellants simultaneously demanded a hearing, but neither was a hearing held, nor was any action taken by the Commissioner of Education of HEW. At trial, Mr. Jerry Brader of the Office of Education of HEW, testified that Fairley's letters and affidavit stated the position of the Office of Education with regard to the HEW regulation. We observe that this testimony, assuming the truth thereof, does not constitute the statutory action completed to be taken *only* by the Commissioner of Education in approving or disapproving a State application, or in requiring substantial State compliance with the needs of educationally deprived children in accordance with Title I.

The trial court held that HEW had interpreted its regulation via Mr. Fairley's letters and that his interpretation was binding on the appellants. The Court further held that the appellants must release the names of parents of children participating in Title I programs in the District, except the names of parents who had specifically requested that their names remain confidential.

The appellants contend that: (1) the trial court had no jurisdiction over the controversy; and (2) until HEW affords them a hearing with attendant opportunity for judicial review, their own plan is binding.

■ We agree with the appellants' contention that the trial court had no jurisdiction over the parties or subject matter of this action.

The appellees contend that they have established a cause of action under the Civil Rights Act, 42 U.S.C.A. § 1983 which reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

They argue that they have shown a violation of the "and laws" portion of § 1983 in that the HEW regulation has the force of law. We hold that the appellees have failed to state a cause of action under § 1983. They have failed to establish any deprivation personal to them of any right, privilege or immunity secured by the Constitution and laws of the United States.

■ The appellees further argue that a basis for jurisdiction lies with 28 U.S.C.A. §§ 1343(3), (4), or 1331. 28 U.S.C.A. § 1343(3) states that:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the

United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

Under this statutory proviso the appellees have failed to show, pursuant to Title I, that they have been deprived of a right created by an Act of Congress providing for equal rights, or one providing for the protection of their civil rights. See Flemming v. Adams, 377 F.2d 975 (10th Cir. 1967), cert. denied 389 U.S. 898, 88 S.Ct. 219, 19 L.Ed.2d 216 (1967); McCall v. Shapiro, 416 F.2d 246 (2nd Cir. 1969). The same rationale applies to 28 U.S.C.A. § 1343(4) which provides that:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

The appellees are not suing to enforce a right of their personal liberty requisite for jurisdiction under 28 U.S.C.A. § 1343(3) or (4). Hague, Mayor v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Tichon v. Harder, 438 F.2d 1396 (2nd Cir. 1971). The denial of the names was not a deprivation of a right, privilege, or immunity guaranteed by the federal Constitution or statutes and not a violation of a civil right entitled to protection. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L. Ed.2d 424 (1972). "The Civil Rights Act cannot be used as a jurisdictional subterfuge for traditional lawsuits." Sanders v. Independent School District No. S–2, of Kiowa County, Oklahoma, 459 F.2d 51, 52 (10th Cir. 1972).

The appellees also contend that 28 U. S.C.A. § 1331(a) confers jurisdiction in the federal district courts to entertain civil actions:

> . . . wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

The appellees have utterly failed to establish the jurisdictional amount of $10,000; they introduced no evidence in support thereof.

The appellees allege that Euresti v. Stenner, 458 F.2d 1115 (10th Cir. 1972), controls here and supports their alleged right of an implied cause of action under Title I. We hold, however, that *Euresti* is distinguishable. In that case the federal regulations required that services be rendered to those unable to pay as a condition precedent to receipt of federal Hill-Burton funds. In our case the education facilities have been furnished and the complaint goes only to administration. HEW has been made aware of the State's conditions and the Commissioner has taken no adverse action.

In the case at bar, assuming arguendo that the Commissioner of Education, HEW, should conduct a hearing and find that the State must supply the PAC with the names of all Title I parents just as interpreted by Mr. Fairley, and assuming further that the State should appeal that decision to the Circuit Court which in turn would support the position of the Commissioner, nothing in the Act provides any remedy except that of *withholding* any further Title I funds from the State until and unless it complies. The remedy is, in effect, a condition subsequent. We know of no authority which would support a mandamus order requiring the State officials to comply with the Commissioner's decision and to receive the federal funds.

The appellees have stated no cause of action arising from Title I or HEW's regulations. Congress did not intend to imply a civil remedy available to PAC members under the Title I statutory scheme. No compelling federal interest exists dictating that this court should exercise jurisdiction. Chavez v. Fresh-

**490**

pict Foods, Inc., 456 F.2d 890 (10th Cir. 1972), cert. denied 409 U.S. 1042, 93 S. Ct. 535, 34 L.Ed.2d 492 (1972). The appellants may appeal from any determination of the Commissioner, if and when made, that they have failed to substantially comply with the provisions of Title I, following hearing, directly to the Circuit Court within their geographical jurisdiction. 20 U.S.C.A. §§ 241e(a)(1), (c), 241f, 241j and 241k.

The judgment of the district court is reversed and the case is remanded with directions to vacate the judgment and to dismiss the action.