**FEDERAL TRADE COMMISSION, Appellant,**

v.

**FOOD TOWN STORES, INC., and Lowe's Food Stores, Inc., Appellees.**

**No. 76–1903.**

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 17, 1976.

Decided Jan. 4, 1977.

**16.** 30 U.S.C. § 802(e).

**17.** 30 U.S.C. § 802(g).

Gerald Harwood and Davis M. Fitzgerald, Washington, D. C., for appellant.

H. Grady Barnhill, Jr., Winston Salem, N. C., and Thomas M. Caddell, Salisbury, N. C., for appellees.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

All parties to this appeal agree that events occurring since the district court's order have mooted the controversy. The only issue remaining before this Court is the method to be used for disposing of the case: whether the appeal should be dismissed or the district court's judgment should be vacated as moot; if the latter, should an order that was entered granting an injunction pending the appeal also be vacated? The parties have filed cross motions.

This appeal arose out of the Federal Trade Commission's attempt to block a proposed merger of two food store chains. Pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), the Commission filed an application in the district court on August 6, 1976 for a temporary restraining order and preliminary injunction to prevent a merger of Food Town Stores, Inc., and Lowes Food Stores, Inc., pending the outcome of the Commission's administrative proceedings concerning the legality of the merger. On August 10, the district court denied the application, but granted a temporary stay to provide this Court time to act. On August 11, Circuit Judge Winter enjoined the merger pursuant to F.R.A.P. 8 pending the appeal. *Federal Trade Commission v. Food Town Stores, Inc.,* 539 F.2d 1339 (4th Cir. 1976) (single-judge order). Despite Judge Winter's invitation, no motion was made for an expedited hearing of the appeal. On August 24, the two corporations formally abandoned the merger, and FTC's administrative proceedings were dismissed on September 24.

Upon the agreement of all parties that the abandonment of the merger mooted the appeal, the Commission moved to have the district court's judgment vacated as moot. That motion was premised upon the Supreme Court's opinion in *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), that a federal appellate court should ordinarily vacate as moot the judgment appealed from where the case becomes moot pending appeal. Justice Douglas indicated that it was the "duty" of the federal appellate court to follow that procedure instead of simply dismissing the appeal, at least when a motion requesting such disposition was made and the case had become moot due to events beyond the control of the parties. The purpose of the *Munsingwear* doctrine is to avoid subsequent attribution of any res judicata effect

to the unreviewed trial court judgment: "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." Id. at 40, 71 S.Ct. at 107.*

 It is apparent that application of the *Munsingwear* doctrine to the present case requires that the district court judgment be vacated as moot in order to deprive it of any res judicata effect. The Commission made a timely motion to have the judgment vacated, and the controversy has been mooted by circumstances not under the control of the appellant Commission. Although the absence of any right to an appeal does not deprive the trial court judgment of res judicata effect, *Johnson Co. v. Wharton,* 152 U.S. 252, 14 S.Ct. 608, 38 L.Ed. 429 (1894), it has been forcefully argued that, when there exists a statutorily created right to seek review of an adverse determination, an appellee should not be able to deprive an appellant of that right by the device of mooting the controversy during the pendency of the appeal. *See* 1 B Moore's Federal Practice ¶ 0.416[6], at 2325–26 (2d ed. 1974).

 The appellees have argued that if the *Munsingwear* doctrine requires the vacating of the district court judgment, it also should require the vacating of the order granting an injunction pending this appeal. That argument is not well taken, however. The injunction pending the appeal expires by its own terms upon disposition of the appeal. The more important consideration for invocation of the *Munsingwear* doctrine is the res judicata effect of the order in question. An order has no res judicata

significance unless it is a final adjudication of the merits of an issue. *See* 1 B Moore's Federal Practice ¶ 0.409[1], at 1001 n.5 (2d ed. 1974), and cases cited therein. An order granting a stay pursuant to F.R.A.P. 8 is not a final adjudication of the merits of the appeal. To the extent that it deals with the merits of the appeal, it is only a prediction as to the likelihood of how they will be resolved. It therefore has no res judicata effect and the rationale of the *Munsingwear* doctrine thus is inapplicable.

Accordingly the Commission's motion is granted and the appellees' motion is denied. The order of the district court is vacated, and the case is remanded to be dismissed as moot.

Upon the corporation's motion, the district court then dismissed the second suit on the ground that its decision in the first suit was res judicata as to the legality of the commodity prices. The Supreme Court affirmed the disposition of the second case on the ground that the government could have avoided the res judicata effect of the first suit by requesting that that judgment be vacated as moot and that no exception to the normal res judicata effect should be created to remedy the government's error in sleeping on its rights. *United States v. Munsingwear,* supra at 40–41, 71 S.Ct. 104.

---

* The result that the doctrine is intended to prevent is well illustrated by the facts of the *Munsingwear* case. The government had initiated two suits against the corporation, charging that it had violated a price-control regulation for certain commodities and seeking damages for two different time periods. When the district court held in the first suit, which also sought injunctive relief, that the prices complied with the applicable regulation, the government appealed, only to have the appeal dismissed as moot when the commodity involved was decontrolled during the pendency of the appeal.