Imannun Abdut TAWWAB (a/k/a Eric Caesar) et al., Plaintiffs-Appellants,

v.

**Paul W. METZ, Individually and as Superintendent of Great Meadow Correctional Facility et al., Defendants-Appellees.**

No. 722, Docket 76–2128.

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1977.

Decided April 11, 1977.

Daniel J. Steinbock, New York City (Pierce Gerety, Jr., Claudia Angelos, Elizabeth A. Gaynes, Prisoners' Legal Services of New York, New York City, of counsel), for plaintiffs-appellants.

Nicholas G. Garaufis, Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, New York City, of counsel), for defendants-appellees.

Before FEINBERG, GURFEIN and MESKILL, Circuit Judges.

PER CURIAM.

This is a civil rights action brought, pursuant to 42 U.S.C. §§ 1981, 1983, by eight New York State prisoners of the Sunni Muslim faith. They complain that various regulations of Great Meadow Correctional Facility infringed rights guaranteed them under the First, Sixth and Fourteenth Amendments. The complaint seeks injunctive and declaratory relief, as well as damages. The action was brought in the United States District Court for the Northern District of New York. In a careful and thorough opinion, Judge Foley dismissed the complaint for failure to state claims upon which relief could be granted. We vacate the judgment and remand the case to the district court, with instructions to dismiss the complaint as moot.

Appellants complain of two policies of the prison. The first concerns classes in religious instruction and Arabic given by Sunni ministers not connected with the prison. Although the prison authorities allowed such classes, the number of inmates participating was limited to fifteen. The plaintiffs claim that this violates their First and Fourteenth Amendment rights.[1]

The second claim relates to the policy of the prison governing certain prisoners' access to their lawyers.[2] The complaint alleges that the authorities would allow only one prisoner at a time to see his attorney.[3] At argument, the attorney for respondent informed the Court that the policy of Great Meadow concerning attorney visitation had been changed, and that prisoners were no longer subject to the restriction in

---

1. It is not at all clear whether any of the eight plaintiffs were ever turned away from a class because of this rule.

2. The claim concerning attorney visitation was made only by plaintiffs incarcerated in a special segregation unit, "F-Block." The policy apparently caused a delay of one day in seeing an attorney in the incident described in the pleadings. Appellants claim this as a violation of their Sixth Amendment rights. The complaint also contained allegations that some of the appellants had been put in "F-Block" without a hearing. The record clearly discloses that a proper hearing was held in each instance.

3. It is not clear from the record if this was the usual practice at Great Meadow. In his opinion, Judge Foley described it as an isolated incident.

question. This change in policy is embodied in an official prison document which was handed up to the Court during oral argument. Accordingly, it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," *United States v. Concentrated Phosphate Export Ass'n, Inc.,* 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968), and this claim for injunctive relief is moot.

■ It further appears that none of the appellants is presently at Great Meadow. Therefore, the demand for an injunction against the limitation on the size of classes is moot, and we do not reach the merits of the issue. *See Mawhinney v. Henderson,* 542 F.2d 1, 2 (2d Cir. 1976).

■ The judgment is vacated and the case is remanded to the district court with instructions to dismiss the complaint as moot.[4]

---

4. The complaint also contained a general demand for damages. Any award of damages on the facts of this case, as alleged in the complaint, would be so remote and speculative that it could not stand. *Compare Mawhinney v.* *Henderson, supra* (allegations of grossly unconstitutional actions and violations of prison regulations). *Cf. Estelle v. Gamble,* 429 U.S. 251, 97 S.Ct. 285, 50 L.Ed.2d 251 (1977).