INMATES, Appellants,

v.

Sheriff OWENS, Appellee.

No. 76–2246.

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1977.

Decided Sept. 16, 1977.

Jerry R. O'Conor and Colette Winston, Third Year Law Students (Michael A. Millemann, Michael S. Elder and Joyce R. Branda, The Legal Services Clinic, Baltimore, Md., on brief), for appellants.

David R. Axelson, Portsmouth, Va. (James A. Cales, Jr., Portsmouth, Va., on brief), for appellee.

Before LEONARD P. MOORE, Senior Circuit Judge, Second Circuit, sitting by designation, and BUTZNER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

The plaintiffs, nine individuals incarcerated in the Portsmouth, Virginia, county jail, collectively filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming "Inmates, Petitioner" as plaintiffs and the sheriff as the sole defendant.[1] They sought declaratory relief at the outset of the complaint and at the close of that document requested that the district court correct certain conditions at the jail. The five conditions challenged were: (1) an alleged abuse of visiting rights; (2) receipt of an improper diet; (3) alleged denial of access to a law library; (4) alleged denial of medical treatment; and (5) that paupers were not furnished with stamps to use in correspondence with loved ones.

The district court ordered the "motion" filed, treated it as a complaint under either 42 U.S.C. § 1983 or as a petition for a writ of habeas corpus, granted leave to proceed in *forma pauperis*, and dismissed the suit because the complainants had not alleged that they, themselves, suffered from any of the five conditions of confinement enumerated above. One of the original nine inmates timely filed a notice of appeal on September 14, 1976, purporting again to act for all the inmates.

---

1. The record does not reflect whether all or a part of the plaintiffs are pretrial detainees or are serving periods of post-conviction incarceration.

However, by January 11, 1977, during the pendency of this appeal, all nine inmates who originally signed the complaint had been released from the Portsmouth jail. Thereafter, on March 24, 1976, one of the original nine complaining parties was rearrested and again incarcerated in the Portsmouth jail.

For the reasons hereinafter set forth, we hold this appeal is moot.

## I.

■ The suit below was not filed, not was it ever certified, as a class action. With the exception of the one inmate who was rearrested, all the inmates who sought declaratory and injunctive relief relating to the five conditions of confinement complained of were no longer subjected to the alleged treatment once they were released. Accordingly, we hold that their claims for injunctive relief are moot. *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Sosna v. Iowa*, 419 U.S. 393, 399–402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *DeFunis v. Odegaard*, 416 U.S. 312, 319–320, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Super Tire Engineering Company v. McCorkle*, 416 U.S. 115, 121–122, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *see also Tawwab v. Metz*, 554 F.2d 22 (2nd Cir. 1977).

■ However, even though the injunctive relief is moot, a separate inquiry must be made regarding the declaratory relief which arguably was sought. *Super Tire Engineering Company v. McCorkle, supra; Roe v. Wade*, 410 U.S. 113, 166, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Zwickler v. Koota*, 389 U.S. 241, 252–255, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). We likewise hold that the inmates' request for declaratory relief is moot. Due to the release of all the inmates and the lack of class certification below, there is no longer " . . . a substantial controversy, between parties having adverse legal interests, of sufficient immedia-

cy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969); *see also Board of School Commissioners of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Tawwab v. Metz, supra.*

■ A dismissal due to mootness likewise results even if the suit below is treated as one seeking habeas corpus relief instead of relief under the civil rights and declaratory judgment statutes since the prisoners are no longer subjected to the alleged conditions of which they complained. *Jones v. Cunningham*, 371 U.S. 236, 241–242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Cheong Ah Moy v. U. S.*, 113 U.S. 216, 5 S.Ct. 431, 28 L.Ed. 983 (1885).

## II.

■ Further, we do not believe that the rearrest of Jimmie Edmonds alters our mootness holdings. While he was one of the nine original inmates below who collectively sought to sue the sheriff as "Inmates, Petitioner," he did not appeal. Indeed, the only inmate who filed a notice of appeal was James Robert Allen. Since Allen has been released from custody, the case remains moot although his co-inmate Edmonds was rearrested. *Lecci v. Cahn*, 493 F.2d 826, 828 (2nd Cir. 1974).[2]

## III.

■ Even if this case were not moot, we nevertheless would affirm because, as the district court noted, the pleading filed and treated as a complaint, even when viewed with the liberality required by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), did not allege any deprivation of civil rights by the inmates themselves. In order to state a civil rights

---

2. Further, it is not certain that Edmonds is again being subjected to the alleged constitutional deprivations specified in the complaint since his rearrest. The record is silent on this point also.

claim upon which relief can be granted under 42 U.S.C. § 1983, one must allege that he, himself, sustained a deprivation of a right, privilege or immunity secured to him by the Constitution and laws of the United States. *Lopez v. Luginbill*, 483 F.2d 486, 488 (10th Cir. 1973). This was not done, and the complaint was properly dismissed.

## IV.

From the record, it is not altogether clear whether the district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim, or pursuant to Fed.R.Civ.P. 41(b), as an involuntary dismissal, or because it deemed the suit to be "frivolous or malicious," pursuant to 28 U.S.C. § 1915(d). Therefore, in order to avoid the possible *res judicata* effect of the dismissal below, we vacate the judgment and remand with directions to the district court to dismiss the case as moot. *U. S. v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Tawwab v. Metz, supra; F. T. C. v. Food Town Stores, Inc.*, 547 F.2d 247 (4th Cir. 1977).

*VACATED AND REMANDED WITH DIRECTIONS.*

BUTZNER, Circuit Judge, concurring:

I concur in Parts I, II, and IV. Since the case is moot, I do not concur in Part III which purports to be a decision on the merits.