813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilford Andrew MATHERLY, Jr., Plaintiff-Appellant,
v.
Charles J. SMITH, Sheriff, Henry C. Holley, Sherman Warner,
Leslie M. Coleman, Joan Pearson, Micky J. Saddler,
Glenn G. Slayton, Defendants-Appellees.
 No. 86-6761.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Dec. 3, 1986.
 
 Before SPROUSE, ERVIN, and CHAPMAN, Circuit Judges.
 Wilford Andrew Matherly, Jr., appellant pro se.
 Robert F. Rider, for appellees.
 PER CURIAM:
 
 
 1
 Wilford A. Matherly, Jr., an inmate at the Marion Correctional Center in Marion, Virginia, appeals from the district court's order dismissing his complaint brought under 42 U.S.C. Sec. 1983. We affirm in part and vacate and remand in part.
 
 
 2
 Matherly alleged in a verified complaint that his constitutional rights were violated while he was a pre-trial detainee at the Danville City Jail. Specifically, he alleged that: (1) the defendants improperly searched him allowing him to keep valium and cigarettes and placed him with the general population instead of the "drunk tank" when he first came to the jail; (2) the defendants intentionally kept him in a smoke-filled cell for three hours as punishment; (3) his clothes and bedding were removed and he stayed naked in an isolation cell for two days; and (4) he was wrongly accused of arson. Matherly sought injunctive relief and damages.*
 
 
 3
 The defendants answered Matherly's allegations and moved to dismiss the action for failure to state a claim upon which relief could be granted. Matherly submitted his own affidavit in support of his allegations. Upon review of the record, the district court found that "the defendants' motion should be treated as a motion for summary judgment," and it concluded that "[a]lthough there are material issues of fact in dispute, plaintiff's claims fail to rise to a level of constitutional significance sufficient to maintain an action under Sec. 1983."
 
 
 4
 We affirm the district court's denial of relief with respect to claim one. As the district court recognized, Matherly essentially set forth a claim of negligence for which he has an adequate remedy at state law.
 
 
 5
 With respect to claims two and three, however, we remand the case to the district court for further proceedings. Although we express no view on the merits, we believe Matherly's allegation that he was confined in an isolation cell with no clothing or bedding for two days states a claim of unconstitutional conditions in violation of the due process clause. See Bell v. Wolfish, 441 U.S. 520 (1979); cf. Johnson v. Williams, 788 F.2d 1319 (8th Cir.1986) (eighth amendment violation where prisoner in quiet cell for 18 hours on two occasions with no clothing or bedding); McGray v. Burrell, 516 F.2d 357 (4th Cir.1975), cert. dismissed, 426 U.S. 471 (1976) (eighth amendment violation where prisoner in isolation cell for 48 hours for mental observation with no clothing or bedding); O'Connor v. Keller, 510 F.Supp. 1359 (D.Md.1981) (eighth amendment violation where prisoner in isolation cell for 48 hours with no clothing or bedding). His allegation that he was intentionally kept in a smoke-filled cell for three hours as punishment also may state a claim under Bell v. Wolfish. Matherly's verified complaint and affidavit and the defendants' denials established a material issue of fact inappropriate for resolution on summary judgment. Davis v. Zahradnick, 600 F.2d 458 (4th Cir.1979).
 
 
 6
 We also remand the case to the district court with respect to claim four to reflect that the dismissal was without prejudice. To the extent that this claim calls into question the validity of his state conviction, Matherly remains subject to the exhaustion requirement under 28 U.S.C. Sec. 2254. See Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982).
 
 
 7
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. We affirm the district court order denying relief on claim one, vacate that portion of the order denying relief on claims two and three and remand for further proceedings.
 
 
 8
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
 
 
 
 *
 Because Matherly is no longer at the Danville City Jail, his request for injunctive relief is moot. See Inmates v. Owens, 561 F.2d 560 (4th Cir.1977)