823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank L. MOODY, Plaintiff-Appellant,
and
Monte N. Smith, James Davis, Ernie L. Washington, Plaintiffs,
v.
Warden WINEBRENNER; Captain Everhart, Former Housing
Officer; Lieutenant Staley, Present Housing
Officer, Defendants-Appellees.
 No. 87-7006
 United States Court of Appeals, Fourth Circuit.
 Submitted May 15, 1987.
Decided July 2, 1987.
 
 Frank L. Moody, appellant pro se.
 Mark Disbrow McCurdy, Assistant Attorney General, for appellee.
 Before RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Frank Moody, an inmate at the Maryland Correctional Institution in Hagerstown, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint. In his complaint Moody, along with three other inmates,* alleged that there was (1) racial discrimination in prison housing; (2) racial discrimination in work assignments; and (3) improper housing of mentally ill prisoners. In support of his claims, Moody contended that there are three segregated annexes in the prison and that there are only four integrated cells. He asserted that he wrote two letters to the warden complaining about segregation in the facility. The district court found that the plaintiffs had introduced only conclusory allegations which were insufficient to establish a claim and dismissed the complaint. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977); Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974).
 
 
 2
 The district court properly dismissed the second and third claims. As to the first claim, however, the affidavits submitted by defendants indicate that black and white inmates are housed together only upon request by both inmates and approval of this request by the prison administration. The affidavits further reveal that there are only eight or nine integrated cells in a facility which houses around 1700 prisoners. The Fifth Circuit has found that a housing system which requires inmates to specifically request integrated housing assignments may be unconstitutional. Jones v. Diamond, 636 F.2d 1364, 1373 (5th Cir. 1981), cert. granted sub nom. Ledbetter v. Jones, 452 U.S. 959 (1981), cert. dismissed, 453 U.S. 950 (1981), overruled in part, International Woodworkers of America v. Champion International Corp., 790 F.2d 1174 (5th Cir. 1986) (assessment of expert witness fees).
 
 
 3
 As it is not evident from the record that Moody has failed to state a claim of racial discrimination in housing, we vacate the district court's dismissal of that claim and remand for further development on that issue. We affirm the judgment of the district court as to the second and third claims. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 4
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
 
 
 
 *
 Moody is the only litigant who signed the notice of appeal; thus, he is the only appellant before this Court. See Covington v. Allsbrook, 636 F.2d 63 (4th Cir. 1980), cert. denied, 451 U.S. 914 (1981)