961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fredrick Dean PARRIS, Plaintiff-Appellant,
v.
James G. MARTIN; Aaron J. JOHNSON, Defendants-Appellees.
 No. 91-7748.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 10, 1992
Decided: April 30, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-91-603-BR)
 Fredrick Dean Parris, Appellant Pro Se.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before SPROUSE and NIEMEYER, Circuit Judges, CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Fredrick Dean Parris appeals from the district court's dismissal with prejudice, pursuant to 28 U.S.C. § 1915(d) (1988), of his complaint seeking relief under 42 U.S.C. § 1983 (1988). After a review of the record, we conclude that dismissal of his claim for denial of access to the courts was inappropriate. Accordingly, we affirm in part, vacate in part, and remand to the district court.
 
 
 2
 Parris's complaint makes the following allegations: (1) he is unable to represent himself in legal matters because he has no access to legal texts or materials; (2) North Carolina Prisoner Legal Services (NCPLS) is unable to adequately represent the large number of inmates in that state, and therefore does not provide inmates with adequate access to the courts; (3) because NCPLS is funded by the state Department of Corrections (DOC), it is unable to provide inmates with fair advice or unbiased assistance in bringing suit against the DOC; (4) the Defendants acted unlawfully in closing the prison law library system; and (5) Parris suffers discrimination because North Carolina is the only prison system in the United States where inmates are denied access to legal texts.
 
 
 3
 We agree with the district court's conclusion that Parris's discrimination claim is frivolous. The legal assistance given to prisoners in other states is irrelevant to equal protection analysis. The issue is discrimination within North Carolina, a question which Parris's allegations do not address. Because there is no legal theory under which Parris's allegations might state a claim, dismissal was appropriate under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 4
 The district court dismissed Parris's claim of denial of access to the courts on the ground that he had failed to allege any personal harm resulting from North Carolina's system of legal assistance. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another). We agree that Parris's complaint is inartfully pleaded; we disagree that his allegations do not state a claim. This is not a case where a plaintiff must give detailed factual allegations of the particular harm that resulted from the denial of his rights. Cf. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). The denial of access to legal knowledge and legal advice is itself an actual injury not requiring further factual exposition. Sowell v. Vose, 941 F.2d 32, 34 (1st Cir. 1991). In this light, Parris's complaint should have been liberally construed as alleging personal denial of legal resources, and therefore should have survived scrutiny under § 1915(d). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 5
 Accordingly, we affirm the district court's dismissal of Parris's equal protection claim. We vacate the dismissal of Parris's claim for denial of access to the courts and remand the case to the district court.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED