14 F.3d 596
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroy RAGIN, Plaintiff-Appellant,
v.
Thomas J. ASHCRAFT, United States Attorney; H. Thomas
Church, Assistant United States Attorney; Stephen
Christopher Holland, Special Agent,
Federal Bureau of
Investigation,
Defendants-
Appellees .
 No. 91-7676.
 United States Court of Appeals, Fourth Circuit.
 March 22, 1993.
Dec. 20, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 Leroy Ragin, appellant Pro Se.
 James Michael Sullivan, Asst. U.S. Atty., John Bartholomew, Federal Bureau of Investigation, for appellees.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 W.D.N.C.
 AFFIRMED.
 PER CURIAM:
 
 OPINION
 
 1
 Leroy Ragin appeals from the district court's denial of relief in an action alleging that federal officials violated his constitutional rights. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We have reviewed the record and the decision below, and affirm the dismissal of all claims addressed by the district court on the reasoning of the district court.* Ragin v. Ashcraft, No. CA-90-381-C-P (W.D.N.C. June 18, 1991).
 
 
 2
 The district court's decision does not explicitly address Ragin's claim that FBI Special Agent Stephen Holland illegally retained, and possibly converted, the $3480 confiscated from Ragin incident to his arrest. See United States v. Turner, 933 F.2d 240, 246 (4th Cir.1991). No affidavit or evidence relevant to this deprivation of property claim was submitted by the defendants. The district court's dismissal of this claim was proper only if it was clear as a matter of law that no relief could be granted under any set of facts consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).
 
 
 3
 In his complaint, Ragin asserts that when Holland confiscated his currency he "explained to Holland that the monies ($3480.00) ... belonged to his ex-wife." We cannot but conclude from this statement that the currency was not Ragin's property, but the property of his ex-wife. Absent any allegation that Ragin sustained a personal deprivation of a right, privilege, or immunity secured by the Constitution, Ragin lacks standing to pursue this property deprivation claim. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir.1977). Cf. United States v. Santoro, 866 F.2d 1538, 1545 (4th Cir.1989) ("under 21 U.S.C. Sec. 881(a)(7), only owners of the property have standing to challenge its forfeiture."). We therefore affirm the district court's dismissal of this claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We deny Appellees' motion to dismiss this appeal as untimely. The time for Ragin to file his notice of appeal could not have expired because the district court's judgment was not set forth in a document separate from the memorandum opinion, as is required to begin the running of the filing period. See Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 688-89 (4th Cir.1978); Fed.R.Civ.P. 58
 Our order granting Ragin's motion for an extension of time to file his informal brief renders his "Motion to Proceed with Appeal" moot.