**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE REYNOLD EVANS, SR.,
Plaintiff-Appellant,

v.

No. 97-6149

NEEL WRIGHT; BRIEN CAMPBELL;
STATE OF NORTH CAROLINA,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-96-114-7-F)

Submitted: July 2, 1998

Decided: July 21, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George Reynold Evans, Sr., Appellant Pro Se. Elizabeth F. Parsons,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Evans appeals the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint. Evans claims that Neel Wright and Brien Campbell, employees of the North Carolina Department of Correction, Division of Adult Probation and Parole, and the State of North Carolina violated his civil rights in managing his four groups of state probation cases. Evans claims that Wright violated his civil rights when he set the Group I.A cases for hearing when Evans refused to sign the authorization papers, and that Wright caused him to lose his appeal. Next, Evans alleges that Wright violated his civil rights when Wright reported to the district court Evans' violations of the terms and conditions of his probation in the Group I.B, II, and IV cases. Last, Evans avers that Wright violated his civil rights when he proposed to dismiss the violation reports in the Group IV cases and transfer them to intensive probation.

We have reviewed the record and the district court's opinion adopting the Defendants' memorandum in support of their motion for summary judgment and find no reversible error. We conclude that the district court properly dismissed the State of North Carolina because it was not a "person" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Next we find that the district court correctly dismissed Campbell, concluding that Evans failed to establish that Campbell could be held liable in a supervisory capacity for Wright's actions. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (finding supervisory liability under § 1983 under limited circumstances). Finally, we determine that the district court properly dismissed the claim against Wright because Evans' conclusory allegations failed to establish that Wright violated any of his constitutional rights. The record establishes that in supervising Evans' probation in the four groups of cases, transferring some of his cases to intensive probation, and reporting Evans' probation violations to the

2

court, Wright's actions did not amount to a violation of Evans' constitutional rights. See Inmates v. Owen, 561 F.2d 560, 562 (4th Cir. 1977). The record evidences that Evans pleaded guilty to the Group I.A cases before Wright was involved in the cases, and that the district court, not Wright, would not let Evans appeal his sentences in his Group I.A cases. Next, the state court found that Wright was not responsible for the transmittal of the Group I.B cases to superior court. Further, Evans' claim that Wright intimidated him into accepting intensive probation is unsupported. Additionally, the record reveals that Wright cited probation violations because Evans violated the terms and conditions of his probation. Thus, because Evans failed to establish that Wright violated his constitutional rights, the district court properly granted summary judgment for Wright. Accordingly, we affirm the decision of the district court. Evans v. Wright, No. CA-96-114-7-F (E.D.N.C., Dec. 30, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3