**Roy Dean DAVIS, Plaintiff,**

v.

**Mark WILLIAMSON, Warden; Becky Moore, Staff Medical Services; and Roy White, Director Medical Services, Defendants.**

No. Civ.A. 2:01CV57.

United States District Court,
N.D. West Virginia.

June 14, 2002.

Roy Dean Davis, Sissonville, WV, plaintiff pro se.

Daynus Jividen, Assistant Attorney General, Charleston, WV, Robert H. Sweeney, Jr., Huntington, WV, for defendant.

### ORDER

MAXWELL, District Judge.

Plaintiff, a state prisoner proceeding *pro se* in the above-styled civil rights action, seeks to pursue his remedies in this Court pursuant to 42 U.S.C. § 1983.[1]  On May 3,

---

1.  Plaintiff alleges that defendants were deliberately indifferent to a serious medical condition allegedly suffered by plaintiff and by allegedly delaying medical treatment.  Plaintiff

2002, Defendant Becky Moore filed a Motion for Summary Judgment.[2] By Order entered May 16, 2002, Plaintiff was provided with notice of an opportunity to respond to Defendant Becky Moore's Motion for Summary Judgment. Plaintiff has not responded to the motion within the date specified by the Order entered May 16, 2002, despite being advised that failure to oppose the motion will result in the entry of summary judgment in favor of Defendant Becky Moore.

From the text of Rule 56(c) of the Federal Rules of Civil Procedure, it is clear that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972, 974 (4th Cir.1990).

However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim. *Id.* at 105–06, 97 S.Ct. 285. In addition, a cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between an inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged.

seeks monetary and injunctive relief. Upon review of the record in the above-styled civil action, it appears that the plaintiff's requests for injunctive relief is now moot as the plaintiff is no longer subjected to the conditions of confinement at Denmar Correctional Center. *Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991); *Ross v. Reed*, 719 F.2d 689 (4th Cir. 1983); *Inmates v. Owens*, 561 F.2d 560 (4th Cir.1977). However, plaintiff's claim for monetary damages for his claim of deliberate indifference to a serious medical condition and the alleged delay he experienced in receiving medical care has not been mooted by his release from Denmar Correctional Center. *Williams*, 952 F.2d at 823.

2. By Order entered March 7, 2002, the Court granted the Motion to Dismiss filed by Defendant Roy White, Director Medical Services and by Order entered May 16, 2002, the Court granted Mark A. Williamsons' Motion to Dismiss.

*Wright v. Collins,* 766 F.2d 841, 849 (4th Cir.1985).

■ To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). When dealing with claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

■ The subjective component is satisfied by showing deliberate indifference by prison officials. *Wilson,* 501 U.S. at 303, 111 S.Ct. 2321. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844, 114 S.Ct. 1970.

■ After reviewing all matters of record, the Court finds that plaintiff suffers from a serious medical condition. However, the medical records establish that, during his incarceration at Denmar Correctional Center, plaintiff was treated on numerous occasions for his serious medical condition. The plaintiff does not refute that he received treatment for his medical condition while he was incarcerated at Denmar. Plaintiff merely alleges that the treatment was insufficient and that he should have received treatment in a more timely manner.

As earlier noted, malpractice or negligence in diagnosis or treatment does not state a constitutional claim. Likewise, an Eighth Amendment claim cannot go forward when the allegations reflect a mere disagreement between an inmate and a medical professional over the inmate's proper medical care.

Plaintiff's medical records from Denmar reveal that Defendant Moore first saw Plaintiff on June 21, 2001, for complaints of pain on his right side. She examined Plaintiff, gave him pain medication and arranged for him to be placed under medical observation. Plaintiff was examined again on June 22, 2001, by Dr. Robert Must who provided Plaintiff with a prescription for a stronger pain medication. Plaintiff was again examined on June 24, 2001, and remained in medical observation until he chose to leave on his own accord and against medical advice. Plaintiff was x-rayed on June 25, 2001, and no fracture or other ailment was found. On June 26, 2001, Plaintiff created a disturbance in the infirmary and demanded to be taken to the hospital. Medical personnel examined Plaintiff and determined that there was no medical explanation for his pain. On June 27, 2001, Plaintiff complained of blood in his stool and he was observed by medical personnel overnight even though he said he was "okay." Plaintiff was released the following morning and returned to his cell. Medical personnel told him to bring any further stool samples to them for examina-

tion. Defendant Moore then saw Plaintiff again on June 28 and July 6. Dr. Must examined Plaintiff again on July 11, 2001, regarding the pain in his right side. Plaintiff was also examined on July 28, 2001, and Dr. Must arranged monitoring of the Plaintiff's liver function because of Plaintiff's Hepatitis C and ordered an ultrasound study of Plaintiff's abdomen for August 3, 2001.[3] However, the ultrasound study showed no evidence of abnormalities that would explain the Plaintiff's pain complaints. Defendant Moore asserts that during this time, only one stool sample, July 9, 2001, ultimately tested positive for blood and Dr. Must determined that Plaintiff suffered from hemorrhoids. Finally, on August 8, 2001, Dr. Must again examined Plaintiff after he had complained that he had had blood in every stool for the past two weeks. However, the sample provided on that date tested negative for blood. Upon examination of the record in this civil action, the Court finds no evidence of deliberate indifference. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment (Docket # 28) filed herein by Defendant Becky Moore be, and the same is hereby, **GRANTED.** It is further

**ORDERED** that the Clerk shall enter judgment for the Defendant. It is further

**ORDERED** that the above-styled civil action be, and the same is hereby, **STRICKEN** from the docket of this Court. It is further

**ORDERED** that, if Plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within **thirty (30) days** from the date of the entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The

**3.** After a July 19, 2001, laboratory study was conducted on Plaintiff, he was diagnosed with

$5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(e), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to send a certified copy of this Order to Plaintiff and all counsel of record.