**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-6340**

———————————

ANDREW PLUMMER, an Inmate Incarcerated at the Tyger River Correctional
Institution, SCDC No. 299191,

        Plaintiff - Appellant,

    v.

TIM RILEY, Individually and in his capacity as Warden of the Tyger River Correctional
Institution,

        Defendant - Appellee,

and

MS. MIDDLEBROOKS, Mailroom; MS. LECOMPT, IGC; BARRY TUCKER,
Individually and as an Agent/Employee of Tyger River Correctional Institution; MR.
MEDVAR, Classification; ANN HALLMAN, IGB; MS. HOUGH, IGC; MAJOR
SEWARDS; C. AMASON, in her Individual capacity only; MS. HOOKS, Mental
Health; MS. GARDNER, Mental Health; DIR. BYARS; CANDI CANNON,
Classification Chief, within her individual and official capacities; GERALD POTOKA,
Individually and in his capacity as Chaplain of Kershaw Correctional Institution;
ROBERTO ROBERTS, Individually and in his capacity as Warden of Kershaw
Correctional Institution; MR. CRIDER,

        Defendants.

———————————

**No. 16-7303**

———————————

ANDREW PLUMMER, an Inmate Incarcerated at the Tyger River Correctional
Institution, SCDC No. 299191,

v.

TIM RILEY, Individually and in his capacity as Warden of the Tyger River Correctional Institution; GERALD POTOKA, Individually and in his capacity as Chaplain of Kershaw Correctional Institution; ROBERTO ROBERTS, Individually and in his capacity as Warden of Kershaw Correctional Institution,

Defendants - Appellants,

and

MRS. MIDDLEBROOKS, Mailroom; MS. LECOMPT, IGC; BARRY TUCKER, Individually and as an Agent/Employee of Tyger River Correctional Institution; MR. MEDVAR, Classification; ANN HALLMAN, IGB; MS. HOUGH, IGC; MAJOR SEWARDS; C. AMASON, in her Individual capacity only; MS. HOOKS, Mental Health; MRS. GARDNER, Mental Health; DIR. BYARS; CANDI L. CANNON, Classification Chief, within their individual and official capacities; MR. CRIDER, Mailroom,

Defendants.

---

Appeals from the United States District Court for the District of South Carolina, at Charleston. Mary Gordon Baker, Magistrate Judge. (2:12-cv-03412-MGB)

---

Submitted: January 5, 2018                    Decided: January 31, 2018

---

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Steven Edward Buckingham, LAW OFFICE OF STEVEN EDWARD BUCKINGHAM, Greenville, South Carolina, for Appellant/Cross-Appellee. Andrew F. Lindemann, DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina; Russell W. Harter, Jr., Carly H. Davis, CHAPMAN, HARTER & HARTER, P.A., Greenville, South Carolina,

for Appellee/Cross-Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Plummer appeals from the magistrate judge's[1] grant of summary judgment dismissing his claim for retaliation for filing a prisoner grievance in accordance with his First Amendment rights. He also appeals the denial of his motion for summary judgment regarding his claims that Gerald Potoka, senior prison chaplain at Kershaw Correctional Institution, violated his rights under the Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. Plummer's request for declaratory relief under the Free Exercise Clause and RLUIPA proceeded to trial, and a jury returned a verdict in favor of Plummer. Potoka cross-appeals the district court's denial of his post-trial motion, under Federal Rules of Civil Procedure 50 and 59, for judgment as a matter of law or for a new trial.[2] For the following reasons, we vacate the district court's judgment, dismiss as moot Potoka's appeal regarding the free exercise and RLUIPA claims, and remand for further proceedings.[3]

With regard to Plummer's retaliation claim, the magistrate judge granted summary judgment in Potoka's favor after concluding that Potoka was entitled to qualified

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

[2] There were other defendants and claims raised below that are not at issue in this appeal.

[3] We also dismiss Plummer's appeal of the district court's denial of his summary judgment motion regarding his free exercise and RLUIPA claims. *See Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011) (holding that parties may not "appeal an order denying summary judgment after a full trial on the merits").

4

immunity. While this appeal was pending, we issued decisions in *Booker v. South Carolina Department of Corrections*, 855 F.3d 533, 545 (4th Cir. 2017) (holding that prisoners have clearly established right under First Amendment "to file a prison grievance free from retaliation"), and *Martin v. Duffy*, 858 F.3d 239, 251 (4th Cir. 2017) (explaining that right identified in *Booker* was clearly established "at least as far back in time as 2010"). The consensus of circuit authority also clearly established at the time of the actions to which Plummer objects that a prisoner has a right to be free from retaliation for filing a grievance against prison officials. *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010); *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010); *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009); *Bibbs v. Early*, 541 F.3d 267, 270–72 (5th Cir. 2008); *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007); *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). *See also Waterman v. Batton*, 393 F.3d 471, 476 (4th Cir. 2005) (holding that a right may be clearly established based on a "consensus of . . . persuasive authority" (citation omitted)). Because Plummer had a clearly established right to file a grievance without being subject to retaliation, Potoka was not entitled to qualified immunity on the retaliation claim. We therefore vacate the district court's judgment regarding Plummer's retaliation claim, and remand for further proceedings on that claim.

With respect to Plummer's free exercise and RLUIPA claims, a search of the South Carolina Department of Corrections' online public records reveals that Plummer is no longer incarcerated. We therefore dismiss as moot Potoka's appeal of the denial of his Rules 50 and 59 motion regarding Plummer's free exercise and RLUIPA claims. *Inmates*

5

*v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977). We vacate as moot the declaratory judgment entered in favor of Plummer, with instructions that the district court dismiss those claims. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–25 (1994); *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 589–90 (4th Cir. 2016).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us, and argument would not aid the decisional process.

*VACATED AND REMANDED*